T.C. Memo. 2007-276

UNITED STATES TAX COURT

MARC KIRCH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7051-06L.                    Filed September 13, 2007.

Marc Kirch, pro se.

Kaelyn J. Romey, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge: This case is before the Court to review a determination (the determination) by respondent's Appeals Office (Appeals) to proceed with the collection of petitioner's Federal income tax liability for 1999. We review the determination pursuant to section 6330(d)(1).[1]

---

[1] While petitioner requests redetermination of a deficiency, clearly this case concerns a collection action, and we shall treat it as such.

All section references are to the Internal Revenue Code of 1986, as amended. All dollar amounts have been rounded to the nearest dollar.

Some facts have been stipulated and are so found. The stipulation of facts, with attached exhibits, is incorporated herein by this reference.

FINDINGS OF FACT

Petitioner resided in Berkeley, California, at the time the petition was filed.

During 1999 and 2000, petitioner worked full time as a facilities technician for Pacific Bell. On both his 1999 and 2000 Federal income tax returns, petitioner declared his occupation to be "facilities technician".

Beginning in 1998 and continuing through 2000, petitioner traded securities on his own account. He did not have any customers for his trading activity in 1999.

Petitioner, a calendar year taxpayer, filed his 1999 Federal income tax return on July 6, 2001. He reported $28,160 in Form W-2, Wage and Tax Statement, income from Pacific Bell and a net short-term capital gain of $96,767 from his securities trading activity. He reported a tax liability of $32,246. He has paid only $3,447 of that liability. Respondent assessed the tax petitioner reported on the return, along with additions to tax for late filing and failure to pay.

Petitioner also filed his 2000 Federal income tax return on July 6, 2001. He reported, among other things, a net short-term capital loss of $129,436 from his trading activity.

Petitioner did not submit to the Internal Revenue Service (IRS) or attach to his 1999 return an IRS Form 3115, Application for Change in Accounting Method, making an election under section 475(f) to use the mark-to-market method of accounting.

Petitioner did not submit to the IRS or attach to his 2000 return an IRS Form 3115 making an election under section 475(f) to use the mark-to-market method of accounting.

On or about February 23, 2006, petitioner attempted to file IRS Forms 1040-X, Amended U.S. Individual Income Tax Return, for 1999 and 2000. Petitioner's purpose in attempting to file amended returns was to carry back a net operating loss claimed in 2000 to offset the net short-term capital gain reported for 1999. Respondent did not allow petitioner's amended returns.

On November 6, 2004, respondent issued a Collection Due Process Notice to petitioner concerning his 1999 tax liability, and on December 6, 2004, petitioner filed an IRS Form 12153, Request for a Collection Due Process Hearing. On February 23, 2006, respondent conducted a collection due process hearing for petitioner. During the course of that hearing, petitioner submitted the Forms 1040-X to the Appeals settlement officer conducting the hearing for transmission to the appropriate IRS office. Petitioner did not raise any collection alternative during the hearing.

By Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, Appeals determined that the proposed collection action (levy) for 1999 should proceed. An attachment to the notice explains that (1) petitioner's claim for a loss carryback was not timely and (2) since he had raised no collection alternative, collection by levy was correct.

OPINION

Petitioner challenges his underlying liability for 1999, and respondent agrees that petitioner's liability is appropriately before the Court. See sec. 6330(c)(2)(B).

Petitioner was a trader in securities during 1999 and 2000. The parties have stipulated that he had no customers for his trading activity in 1999, and he has failed to show (and does not claim) that he had any customers for that activity in 2000. Due to the fact that he did not have customers, he was not a dealer, and he must treat the securities that he bought and sold as capital assets.[2] His net capital loss for 2000 could, therefore,

_____

[2] As we recently described the situation in Chen v. Commissioner, T.C. Memo. 2004-132:

In general, for Federal tax purposes, a person who purchases and sells securities falls into one of three distinct categories: dealer, trader, or investor. See King v. Commissioner, 89 T.C. 445, 458-459 (1987). Both traders and dealers are engaged in the trade or business of buying and selling securities. Only the dealer's business, however, involves sales to customers in the ordinary course of that business. Consequently, only the dealer's securities fall within the exception to capital asset status that is provided for "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business". Sec. 1221(a)(1). Thus, "traders * * * occupy an unusual

(continued...)

only be carried forward (i.e., to later years).  See sec. 1212(b).  As a trader in securities, however, he was eligible under section 475 to elect the mark-to-market accounting method for his securities trading activity.  See sec. 475(f).  Under the mark-to-market accounting method, a trader in securities is eligible to elect to "recognize gain or loss on any security held in connection with such trade or business at the close of any taxable year as if such security were sold for its fair market value * * * [at yearend]".  See sec. 475(f)(1)(A)(i).  In general, any gains or losses with respect to those securities, whether deemed sold at yearend under the mark-to-market method of accounting or actually sold during the taxable year, "shall be treated as ordinary income or loss."  Sec. 475(d)(3)(A)(i), (f)(1)(D).  An ordinary loss resulting in a net operating loss is first carried back to the two preceding years before it is carried forward.  See sec. 172(a) and (b).

The procedures for traders in securities to make a mark-to-market election under section 475(f) are specified in Rev. Proc. 99-17, 1999-1 C.B. 503.  In general, the election must be made no later than the due date (without regard for extensions) of the original return for the taxable year immediately preceding the election year and must be attached either to that return or, if applicable, to a request for extension of time to file that

---

[2](...continued)
position with respect to the tax laws.  Traders may engage in a trade or business which produces capital gains and losses rather than ordinary income and losses."  King v. Commissioner, supra at 457.

return.  Id., 1999-1 C.B. at 504-505.  Petitioner does not claim that he has made a mark-to-market election in compliance with section 475(f) and Rev. Proc. 99-17, supra.  Nor is petitioner entitled to the benefit of relief under section 301.9100-3, Proced. & Admin. Regs., to extend the time to make the section 475(f) election.  See generally Vines v. Commissioner, 126 T.C. 279 (2006).  Petitioner has neither requested that relief, nor is there any evidence that he would not be using hindsight in requesting that relief.  The hindsight would be in using 2000 losses to shelter 1999 gains.  See sec. 301.9100-3(b)(3)(iii), Proced. & Admin. Regs. (taxpayer is deemed not to have met the requirement of having acted reasonably and in good faith where he uses hindsight in requesting relief).  Petitioner is not entitled to the benefits of section 475(f).

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Section 6651(a)(2) provides for an addition to tax for failure to make timely payment of the tax shown on a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Respondent bears the burden of production with respect to those additions to tax.  See sec. 7491(c).  In order to carry that burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions.  Higbee v. Commissioner, 116 T.C. 438,

446-447 (2001).  Once respondent has done so, the burden of proof is upon petitioner to show that respondent's determination of the additions is incorrect.  See id. at 447.

Petitioner filed his 1999 Federal income tax return on July 6, 2001.  That return was due on April 17, 2000.  See sec. 6072(a).  Accordingly, petitioner filed his 1999 return over a year late.  Also, petitioner failed to pay timely the full amount of his 1999 liability.  Respondent has carried his burden of production, and petitioner has shown neither reasonable cause nor a lack of willful neglect for either failure.  Therefore, we sustain the section 6651(a)(1) and (2) additions to tax.

To reflect the foregoing,

Decision will be entered

for respondent.