**Ronald A. LEHRER and Carol J. Lehrer, Petitioners— Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

**No. 06–75584.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed May 23, 2008.

John Gigounas, Esq., Simpson & Gigounas, San Francisco, CA, for Petitioners– Appellants.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Randolph L. Hutter, Esq., Eileen J. O'Connor, Esq., FAX, U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Petitioners Ronald and Carol Lehrer appeal from the United States Tax Court's grant of partial summary judgment on the question of whether they made an effective 26 U.S.C. § 475(f) election for mark-to-market treatment of their losses from trades of securities for the tax years 1999, 2000, and 2001. They also challenge certain discovery rulings of the tax court.

With respect to the Petitioners' purported § 475(f) election, we review the district court's grant of partial summary judgment de novo. Petitioner urges this court to allow an election several years after filing of the relevant tax returns and after the start of the audit of those returns. In so doing, Petitioners ask us to ignore the reasoned judgment of the Internal Revenue Service in Revenue Procedure 99–17. Petitioner's claim rests, in part, on an argument that the revenue procedure is not an agency pronouncement carrying the force of law that is entitled to deference under *Chevron, USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We need not reach that question. Revenue Procedure 99–17 is a persuasive pronouncement promulgated under an express grant of congressional authority and is entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 139–140, 65 S.Ct. 161, 89 L.Ed. 124 (1944). We hold that Petitioners' election did not meet the requirements of § 475(f) in light of this persuasive interpretation. Even if we were to disregard the Service's judgment as to the proper procedures for making a § 475(f) election, Petitioners' position—that such an election can be made at any time after the relevant returns are filed, without seeking or qualifying for an extension—is unreasonable and we reject it.

With respect to Petitioners' challenges to the Tax Court's discovery rulings, we review for abuse of discretion. The Tax Court made a reasoned judgment that the discovery sought was not intended to produce evidence relevant to its determination. We cannot say that the Tax Court abused its discretion in so ruling.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

