T.C. Memo. 2008-297

UNITED STATES TAX COURT

MARK N. KANTOR AND MARLA R. KANTOR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9704-06.                    Filed December 29, 2008.

Mark N. Kantor, pro se.

<u>Cheryl A. McInroy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies of
$376,772 and $1,489 in petitioners'respective Federal income
taxes for 2000 and 2001 and a $29,887 addition to tax under
section 6651(a)(1) for 2000.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner Marla Kantor is a petitioner because she filed with her husband a joint Federal income tax return for 2000 and 2001.

The issue for decision is whether Mark Kantor (petitioner) is entitled under section 475(f) to use the mark-to-market method of accounting in connection with his business as a trader in securities.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed petitioners resided in the State of New York.

Petitioners are married and have two children. Petitioner holds a bachelor's degree in economics from Brooklyn College, a law degree from St. John's Law School, and a master of laws degree from Harvard Law School. Since finishing his education, petitioner has worked primarily as a securities trader on Wall Street.

Over the years petitioner has repeatedly used drugs and has been admitted to a number of drug rehabilitation programs.

---

[1] Petitioner is the same taxpayer involved in Kantor v. Commissioner, T.C. Memo. 1997-112, wherein we held petitioner liable for additions to tax under sec. 6653(a) in connection with petitioner's failure to file timely Federal income tax returns for 1981 through 1985.

In December 1999 petitioner retired as a Wall Street securities trader, and in January 2000 petitioner received from his Wall Street firm a retirement bonus of $2.5 million.

From January until August 2000 petitioner enjoyed his retirement by playing golf and vacationing with family.

Beginning August 2000 through January 2001 petitioner, as a sole proprietor, carried on a securities trading business. Petitioner received from his broker monthly brokerage statements, which reported petitioner's securities trading activities using the mark-to-market method of accounting. Petitioner used the monthly brokerage statements to track his trading activities. Petitioner realized significant losses in his business as a securities trader.

In February 2001 petitioner closed his securities trading business.

In April and August 2001 petitioners filed with respondent requests for extensions of time to file their 2000 Federal income tax return, and petitioners included with their requests estimated income tax payments relating to the $2.5 million retirement bonus petitioner received in 2000.

From September 2001 through February 2002 petitioner was admitted to a drug rehabilitation program in Florida.

On November 7, 2003, and on February 2, 2004, respectively, petitioners filed their 2000 and 2001 joint Federal income tax

returns late.  Petitioners attached to each return a Schedule C, Profit or Loss From Business (Sole Proprietorship), showing petitioner's business as a securities trader.  Petitioner's Schedules C, prepared using the mark-to-market method of accounting, reported ordinary losses of $1,064,248 and $246,354 for 2000 and 2001, respectively.

On December 19, 2003, petitioners amended their 2000 joint Federal income tax return to reflect an additional $744,000 in ordinary losses from petitioner's business as a securities trader.

After an audit, on February 24, 2006, respondent mailed to petitioners a notice of deficiency in which respondent determined that petitioner had not properly elected, under section 475(f), the mark-to-market method of accounting for his securities trading business for 2000 and 2001, and respondent treated petitioner's securities trading losses as capital losses.[2] Respondent's determinations gave rise to the $376,772 and $1,489 deficiencies in petitioners' respective 2000 and 2001 Federal income taxes.

During a November 7, 2006, conference with respondent's counsel, petitioner, for the first time, claimed that in 2000 he and his wife had formed a partnership in connection with his

---

[2]  It is not clear from the record how respondent treated petitioner's additional $744,000 claimed losses for 2000.

securities trading business and that the partnership had elected under section 475(f) to use the mark-to-market method of accounting. As proof thereof petitioner submitted a Form 1065, U.S. Return of Partnership Income, for 2000, indicating that the alleged partnership had made a mark-to-market election. The Form 1065 was signed by petitioner's accountant but was dated November 6, 2006. Also, the Form 1065 was not signed by either petitioner or his wife and was never filed with respondent. At the conference petitioner claimed that as partners he and his wife made an "internal" election in 2000 to use the mark-to-market method of accounting.

In connection with his business as a securities trader, petitioner never filed with respondent for 2000 or 2001 a Form 3115, Application for Change in Accounting Method, or a statement describing an election to use the mark-to-market accounting method. Petitioner also has not requested relief under section 301.9100-3, Proced. & Admin. Regs. (section 9100 relief), from the timely election requirements of section 475(f).

## OPINION

Section 475(f) provides generally that a taxpayer engaged in business as a securities trader may elect to use the mark-to-market method of accounting for securities held in a business. Under the mark-to-market method of accounting a trader generally recognizes at the end of the year ordinary gain or loss on all

securities held in the business as if the securities were sold at the end of the year for fair market value.  Sec. 475(d)(3), (f)(1)(A)(i); Knish v. Commissioner, T.C. Memo. 2006-268; Lehrer v. Commissioner, T.C. Memo. 2005-167, affd. 279 Fed. Appx. 549 (9th Cir. 2008); Chen v. Commissioner, T.C. Memo. 2004-132.

A securities trader electing under section 475(f) to use the mark-to-market method of accounting for securities held in the business is generally required to file with respondent a statement making the mark-to-market election, identifying the first taxable year for which the election is effective and describing the business to which the election relates.  See Knish v. Commissioner, supra; Lehrer v. Commissioner, supra; Rev. Proc. 99-17, sec. 5.03(1), 1999-1 C.B. 503, 504.  The statement must be filed no later than the due date of the trader's original Federal income tax return (without regard to extension) for the taxable year immediately preceding the election year, and if the election entails a change in accounting method, the trader must also attach a Form 3115 to the trader's timely filed original Federal income tax return for the election year.  Rev. Proc. 99-17, secs. 5.03(1), 5.04, 1999-1 C.B. at 504, 505.

For a trader's first year of business, Rev. Proc. 99-17, sec. 5.03(2), 1999-1 C.B. at 505, provides that the trader may make the section 475(f) mark-to-market election by placing in the books and records of the business, no later than 2 months and 15

days after the first day of the year, a written statement making the mark-to-market election, identifying the first taxable year for which the election is effective and describing the business to which the election relates. The trader must attach a copy of the statement to the trader's Federal income tax return for the election year. Id.

Where an individual securities trader has made a proper mark-to-market election under section 475(f), losses resulting from the trader's business will be treated as ordinary losses and will be deductible under section 165(c). However, where the trader has not made a proper election, such losses will be treated as capital losses and will be deductible only to the extent of capital gains plus $3,000. Secs. 165(a), (c), (f), 1211(b)(1); Knish v. Commissioner, supra.

Petitioner admits that he has not filed with respondent a Form 3115. Petitioner argues that the monthly brokerage statements relating to his business (reflecting the mark-to-market method of accounting) qualify as a statement making the mark-to-market election, that he therefore made an election under section 475(f), and that he should be entitled to treat his securities trading losses as ordinary losses. In the alternative, petitioner claims that the Form 1065 he submitted at the November 7, 2006, conference with respondent's counsel

combined with the alleged internal election he and his wife made in 2000 should be treated as a valid section 475(f) election.

We disagree.  Petitioner's monthly brokerage statements do not contain a written statement that makes the mark-to-market election.  Further, petitioner's Form 1065 was never filed with respondent, was not signed by petitioner and his wife, and was not submitted to respondent's counsel until over 5 years after it was due.

Additionally, petitioner did not attach to petitioners' tax returns for 2000, 2001, or for any other year, a statement making the mark-to-market election, identifying the first taxable year for which the election was to be effective, and describing the business to which the election was to relate.

Courts have consistently held that a securities trader did not make an election under section 475 where the trader did not follow the election requirements of Rev. Proc. 99-17, supra.  See Knish v. Commissioner, supra (election not made where statement was not attached to prior year tax return and Form 3115 was filed late); Marandola v. United States, 76 Fed. Cl. 237 (2007) (election not made where statement filed with amended tax returns); Acar v. United States, 98 AFTR 2d 2006-6296, 2006-2 USTC par. 50,529 (N.D. Cal. 2006) (election not made where statement was filed with amended return 3 years after due date of

original return and no Form 3115 was filed), affd. 545 F.3d 727 (9th Cir. 2008).

Petitioner has not satisfied the election requirements of Rev. Proc. 99-17, supra, and petitioner has not properly elected under section 475(f) to use the mark-to-market method of accounting for 2000 and 2001.

Under section 301.9100-3, Proced. & Admin. Regs., respondent may grant administrative relief to a securities trader with regard to improper mark-to-market elections if the trader, among other things, requests section 9100 relief and demonstrates that he acted reasonably and in good faith in failing to make a timely election under section 475(f). See Vines v. Commissioner, 126 T.C. 279, 290-291 (2006). A trader has not acted reasonably and in good faith if the trader uses hindsight in requesting relief by attempting to make a section 475(f) mark-to-market election years after the election was due in order to convert capital losses into ordinary losses. See Vines v. Commissioner, supra at 293; Lehrer v. Commissioner, supra; Acar v. Commissioner, supra; sec. 301.9100-3(b)(3)(iii), Proced. & Admin. Regs.

Petitioner, however, has not requested section 9100 relief. See Knish v. Commissioner, T.C. Memo. 2006-268 (relief denied where request not made in petition); Marandola v. United States, supra (relief denied where taxpayer neither requested relief

through a private letter ruling nor asked for relief in a refund claim).

Even if petitioner had requested section 9100 relief, we conclude that petitioner, a Wall Street trader with a master of laws degree, used hindsight in claiming that he made the section 475(f) election on the monthly brokerage statements and on the Form 1065. Petitioner does not qualify for section 9100 relief.

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to timely file a tax return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985). By virtue of our finding that petitioners' return for 2000 was filed late, respondent has carried his burden of production under section 7491(c) as to the addition to tax.

Petitioners argue that they were unable to file their 2000 tax return because petitioner was undergoing drug rehabilitation from September 2001 through February 2002. While we sympathize with petitioner's drug problems, petitioners did not actually file their 2000 joint tax return until November 7, 2003, nearly 21 months after petitioner's February 2002 release from the drug program. Petitioners have not offered an adequate explanation for the delay in filing their 2000 tax return. We conclude that petitioners' failure to file timely their 2000 joint Federal income tax return was due to willful neglect rather than to

reasonable cause, and we sustain respondent's imposition of the section 6651(a)(1) addition to tax for 2000.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.