**FISCHER INDUSTRIES, INC.,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–Appellee.**

**No. 87–1182.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 22, 1988.

Decided March 22, 1988.

---

Harlan Pomeroy (argued), Baker & Hostetler, Washington, D.C., for petitioner-appellant.

William F. Nelson, Chief Counsel, IRS, Michael L. Paup, Chief, Appellate Section, Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., Ann Belanger Durney, William A. Whitledge (argued), for respondent-appellee.

Before ENGEL, MERRITT and KENNEDY, Circuit Judges.

PER CURIAM.

Petitioner Fischer Industries, Inc. appeals a judgment of tax deficiency and additions to tax for the years 1975–80, totaling over $1 million, entered against it by the Honorable John Williams, Jr. of the United States Tax Court on November 24, 1986.

Fischer, an Ohio corporation, owned four subsidiaries during the relevant time period. Of these, three had made a practice of computing their annual tax returns by using a Last-in, First-out (LIFO) inventory system. However, Mayfran, Inc., the fourth subsidiary, used a First-in, First-out (FIFO) system prior to 1975. In 1975, Fischer decided that all of its subsidiaries, whose taxes were filed in a consolidated tax return, should use the same inventory method, LIFO. Thus, Mayfran was converted from a FIFO to a LIFO system.

A taxpayer is permitted under 26 U.S.C. § 472 to change this inventory accounting system to LIFO if he complies with the appropriate regulations. According to 26 C.F.R. 1.472–3(a):

> The LIFO inventory method may be adopted and used only if the taxpayer files with his income tax return for the taxable year as of the close of which the method is first to be used a statement of his election to use such inventory method. The statement shall be made on Form 970 pursuant to the instructions printed with respect thereto and to the requirements of this section, or in such other manner as may be acceptable to the Commissioner.

*Id.*

Fischer did not file a Form 970 until April 16, 1986, during the trial of this case. Further, on its 1975 tax return, Fischer failed to answer a question which asked whether there was any substantial change in its method of inventory calculation. However, Fischer claimed that it substantially complied with the required procedure. Fischer stated that it correctly calculated its income tax for the period of 1975–1980, using the LIFO method. Taxpayer further asserted that it had furnished all requested records to the Internal Revenue Service auditors who, in 1979, investigated its 1975 tax return, including a 1975 financial statement that noted Mayfran's change from FIFO to LIFO. Finally, Fischer claimed that its 1986 filing of Form 970 perfected its LIFO election.

The Tax Court judge found that Fischer had not substantially complied with the Commissioner's regulations. He concluded that there was no way for the Commissioner to determine from Fischer's 1975 tax return that a LIFO election had been made. Thus, he found that no valid LIFO election was made and accordingly entered his decision finding tax deficiencies and additions to tax.

On appeal, Fischer contends that the Tax Court erred by finding that Fischer did not make a binding choice to use LIFO for all subsidiaries beginning in 1975 and further erred by failing to realize that the LIFO decision was perfected by later acts.

Upon a careful consideration of the record and briefs of the parties in this appeal, we conclude that no valid LIFO

election was made for the tax years in question. We are reinforced in our view that the Tax Court's conclusions are correct by our independent examination of the tax returns in question. That review convinces us that there is nothing in the returns themselves that would have given the Commissioner adequate notice that a change from FIFO to LIFO had taken place. Thus, there was no substantial equivalent of Form 970, whose regulatory function is to assure that a taxpayer adopting LIFO provides "a statement of his election to use such inventory method." 26 C.F.R. 1.472–3.

Accordingly, for the reasons stated by the Honorable John Williams, Jr. in his opinion filed in the Tax Court, 87 T.C. 116 (1986), the judgment of the Tax Court is AFFIRMED.