Duane H. WALL, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 97–55167.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1997.

Decided Jan. 13, 1998.

Robert B. Martin, Jr., Pasadena, CA, for plaintiff-appellant.

Frank P. Cihlar and Kenneth W. Rosenberg, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.

Opinion by Judge Beezer.

BEEZER, Circuit Judge:

Duane H. Wall filed an action seeking a refund of federal income taxes and interest for taxable year 1982 arising out of his participation in a limited partnership. The district court denied Wall's motion for summary judgment and entered a stipulated judgment in favor of the United States. We have jurisdiction over this timely appeal, *see* 28 U.S.C. § 1291, and we affirm.

I

Wall participated in a limited partnership during 1982. On his individual tax return for that year, he claimed deductions and credits arising from losses suffered by the partnership. In 1985 the Internal Revenue Service (IRS) informed Wall that it was examining the partnership returns. In 1986 Wall filed an amended return for 1982 and paid an additional $18,640. This amount reflected the stated intention of the IRS to disallow Wall's deductions and credits claimed for the partnership losses for 1982.

In 1989 the IRS mailed Wall a statutory notice of deficiency in taxes based on adjustments arising out of the partnership return. Wall filed a petition for redetermination of those adjustments in United States Tax Court. The Tax Court held that the statutory notice of deficiency was improper. The IRS was required to issue a Final Partnership Administrative Adjustment before assessing further taxes. Because the IRS had failed to do so, the Tax Court lacked jurisdiction and dismissed Wall's petition.

In 1991 Wall filed a second amended tax return for 1982. On this return Wall claimed a refund of the $18,640 he had paid pursuant to the first amended return. The IRS disallowed Wall's claim, and Wall filed this action. The district court granted summary judgment in favor of the IRS on the ground that the suit was precluded by 26 U.S.C. (Internal Revenue Code [I.R.C.]) § 7422(h), which provides that "[n]o action may be brought for a refund attributable to partnership items

... except as provided in section 6228(b) or section 6230(c)."

On appeal this court held that Wall's action fell within the exception set out at I.R.C. § 6228(b) and thus was not barred by § 7422(h). *Wall v. United States,* 89 F.3d 848 (9th Cir.1996) (table). On remand Wall moved for summary judgment, arguing that, under I.R.C. § 6230(c)(4), the partnership return for 1982 should be given conclusive effect. The district court denied Wall's motion for summary judgment, holding that Wall had to prove that he was entitled to a refund. Wall refused to put on evidence, and the district court entered judgment in favor of the United States. This timely appeal followed.

## II

We review de novo a denial of summary judgment. *Mullahon v. Union Pac. R.R.,* 64 F.3d 1358, 1362 (9th Cir.1995). Because there are no issues of material fact, we must determine whether the district court correctly applied the relevant substantive law. *See id.*

## III

Congress enacted the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324, to ensure uniform treatment of partnership taxes. *See Alexander v. United States,* 44 F.3d 328, 330 (5th Cir.1995); *Maxwell v. Commissioner,* 87 T.C. 783, 787, 1986 WL 22033 (1986). TEFRA achieves this goal by providing that, "[e]xcept as otherwise provided in this subchapter, the tax treatment of any partnership item ... shall be determined at the partnership level." I.R.C. § 6221.

Wall argues that the preference for consistent treatment applies in all proceedings. Specifically, he contends that the IRS cannot adjust the treatment of a partnership item on a partner's return except through a partnership level proceeding. Because the IRS did not make an adjustment through a partnership level proceeding, he contends, the original partnership return must be given conclu-

sive effect pursuant to I.R.C. § 6230(c)(4). If the partnership return is granted conclusive effect, Wall is entitled to the deductions and credits claimed on his original return, which reflected the original partnership return. He would therefore be entitled to a refund of the $18,640 that he paid in filing his first amended return.

Wall is mistaken. His claim falls under TEFRA provisions that disconnect the individual partner's return from the partnership return. *See* I.R.C. §§ 6228(b)(2), 6231(b)(1)(B). When an individual partner brings suit under those provisions, the TEFRA provisions requiring consistent treatment no longer apply, and the individual partner's claim is treated like a conventional taxpayer refund action. To prevail, Wall was required to establish that he had overpaid his taxes. Because he did not do so, the district court properly entered judgment in favor of the United States.

### A

On Wall's prior appeal, this court held that Wall's claim falls under I.R.C. § 6228(b). *Wall v. United States,* 89 F.3d 848 (9th Cir. 1996) (table) (*Wall I*). That section permits a partner to bring suit in two instances. The *Wall I* court did not specify which of the two paragraphs applies here, but the facts of the case show that only § 6228(b)(2) can apply. That paragraph permits an individual partner to bring suit "[i]f the Secretary fails to allow any part of an administrative adjustment request filed under subsection (c) of section 6227 by a partner and paragraph (1) does not apply." Paragraph (1) applies where the IRS has "mail[ed] to a partner ... a notice that all partnership items of the partner for the partnership taxable year ... shall be treated as nonpartnership items." Because no such notice was mailed here, paragraph (1) does not apply.[1]

Wall does not dispute that § 6228(b) applies to this action.[2] He argues instead that I.R.C. § 6230(c)(4) applies in cases brought under § 6228(b): § 6228(b) provides the jurisdictional basis for the individual's suit, but § 6230(c)(4) provides the rule for determining the individual's tax liability.

Section 6230(c)(4) provides as follows:

---

1. Even if paragraph (1) did apply, the analysis would be the same: in both instances the partnership items are treated as nonpartnership items.

2. The *Wall I* holding regarding the applicability of § 6228(b) is entitled to preclusive effect under the doctrine of the law of the case. *See Leslie*

For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of the court (whichever is appropriate) shall be conclusive.

Under this subsection, Wall argues, the partnership return should be granted conclusive status. Because the partnership return was not adjusted, Wall would be entitled to rely on it as conclusive evidence of his tax liability.

Wall's contention is incorrect. Section 6228(b) and § 6230(c) apply to different types of claims. Section 6228(b) applies where the IRS has denied (in whole or in part) a request for administrative adjustment. Section 6230(c) applies in two instances, neither of which pertains here.

Wall argues that his claim falls under § 6230(c)(1)(A). In pertinent part, that subsection provides as follows:

(1) **In general.**—A partner may file a claim for refund on the grounds that-

(A) the Secretary erroneously computed any computational adjustment necessary-

(i) to make the partnership items on the partner's return consistent with the treatment of the partnership items on the partnership return. . . .

I.R.C. § 6230(c). By its terms, this subsection applies only where "the Secretary erroneously computed any computational adjustment." *Id.* It is undisputed that the IRS never performed a "computational adjustment" in this case. This section does not apply.[3] Because § 6230(c)(4) applies only in actions brought under § 6230(c), it does not apply in this case, which falls under § 6228(b)(2).

Wall is also mistaken in his contention that § 6228(b) provides the jurisdictional basis for § 6230(c). I.R.C. § 6230(c)(3) provides the courts a specific basis for jurisdiction over taxpayer suits brought where the IRS does not allow claims under § 6230(c)(1). If § 6228(b) provided jurisdiction for judicial review of claims under § 6230(c), the separate jurisdictional provision of § 6230(c)(3) would be unnecessary. The presence of that separate provision demonstrates that § 6228(b) and § 6230(c) govern different types of claims.[4]

In short, § 6230(c) does not apply to the facts of this case, and it does not provide the substantive rule for treatment of cases brought under § 6228(b).

### B

Section 6228(b)(2) provides, in pertinent part, that

on the beginning of such civil action [for refund], the partnership items of such partner for the partnership taxable year to which such part of such request relates shall be treated as nonpartnership items.

*See also* I.R.C. § 6231(b)(1)(B) (providing that, on filing of suit under § 6228(b), "partnership items of a partner for a partnership taxable year shall become nonpartnership items"). Because the partnership items on the partner's return become nonpartnership items when the individual partner files suit under § 6228(b), the TEFRA provisions requiring consistent treatment of *partnership* items no longer apply. The action is instead treated as a conventional taxpayer refund claim.

In a conventional refund action, "the taxpayer bears the burden of proving the amount he is entitled to recover." *United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046 (1976); *see also Lewis v. Reynolds,* 284 U.S. 281, 283, 52

---

*Salt Co. v. United States,* 55 F.3d 1388, 1392–93 (9th Cir.1995).

**3.** Wall does not argue that I.R.C. § 6230(c)(1)(B) applies. Nor could he do so. That subsection applies when there has been "a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a)." None of these events occurred here.

**4.** The language of § 7422(h) also demonstrates that § 6228(b) and § 6230(c) concern different types of claims. Section 7422(h) provides that "[n]o action may be brought for a refund attributable to partnership items . . . except as provided in section 6228(b) or section 6230(c)." The use of the disjunctive "or" emphasizes that those sections are distinct.

S.Ct. 145, 146, 76 L.Ed. 293 (1932) ("An overpayment must appear before refund is authorized."). To establish that he had over-paid his taxes, Wall had to prove that he was entitled to the deductions and credits claimed on his original individual tax return for 1982. He did not do so. He was not entitled to a refund.

## IV

Accordingly, we affirm the district court's denial of Wall's motion for summary judgment and its entry of judgment in favor of the defendant United States.

AFFIRMED.