ESTATE OF Theodore J. CHAMBERLAIN, Deceased, Dale Chamberlain, Personal Representative, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 00–70291.

Tax Ct. No. 2999–97.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided May 24, 2001.

Before GOODWIN, GREENBERG,[*] and RAWLINSON, Circuit Judges.

* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

714

## MEMORANDUM [**]

The estate of Theodore Chamberlain and Dale Chamberlain (collectively "Taxpayer") appeal the decision of the United States Tax Court. Taxpayer argues that the Tax Court erred in holding that Mr. Chamberlain failed to make a qualified disclaimer of assets in his wife's estate for purposes of I.R.C. § 2518. The failure to make a disclaimer resulted in an inheritance tax. We affirm.

■ Taxpayer argues that a handwritten, unsigned schedule of assets and the probate inventory are qualified disclaimers. Neither document expresses an intent to disclaim. Both are simple lists of assets of a kind that could be used for any number of purposes. Neither expresses any other purpose than to list property, showing whether it was the property of Jane or of Theodore. Therefore, the question whether those documents are qualified disclaimers for purposes of I.R.C. § 2518 is a legal question to be reviewed *de novo*. *Clougherty Packing Co. v. Commissioner*, 811 F.2d 1297, 1299 (9th Cir.1987).

Section 2518(b) defines a "qualified disclaimer," in pertinent part, as follows: "[T]he term 'qualified disclaimer' means an irrevocable and unqualified refusal by a person to accept an interest in property but only if—(1) Such refusal is in writing ...." I.R.C. § 2518(b). Moreover, the regulations require that the writing "identify the interest in property disclaimed and be signed either by the disclaimant or by the disclaimant's legal representative." 26 C.F.R. 25.2518–2(b)(1).

There is no signed written instrument manifesting Mr. Chamberlain's intent to disclaim his interest in Mrs. Chamberlain's property.

Such an instrument was drafted and remained in the lawyer's office unsigned. The unsigned and incomplete document bears no evidence that Mr. Chamberlain ever saw it, much less that he placed on it any mark adopting it as his own act. Both the handwritten list of assets prepared by Mr. Chamberlain in late 1992 and early 1993 and the inventory filed in the probate of Mrs. Chamberlain's estate contained no language of disclaimer. On this record, because there was no qualified written disclaimer signed by the recipient of the property, the Taxpayer falls back upon the argument that the Mr. Chamberlain's intent to disclaim was clear, and that substantial compliance should be sufficient to deflect the property from the estate and deflect the tax.

■ Turning to the assertion of substantial compliance, the Tax Court correctly noted that the doctrine is an equitable one designed to avoid hardship in cases where the party does all that can reasonably be expected, and can be applied only where invocation thereof would not defeat the policies of the underlying statutory provisions. *Sawyer v. County of Sonoma*, 719 F.2d 1001, 1008 (9th Cir.1983). The Tax Court correctly reviewed the legislative history of I.R.C. § 2518 and held that Congress enacted § 2518 in order to provide definitive and uniform disclaimer rules for purposes of the Federal transfer taxes. H.R. Rep. 94–1380, 66–67 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3356, 3420–21. Here, the statute expressly requires an irrevocable and unqualified refusal, expressed in writing, to accept an interest in property. I.R.C. § 2518(b). The statutory language and legislative history evidence a design to avoid arguments about undisclosed intentions and unexpressed election of choices. *See Estate of Lute v. United States*, 19 F.Supp.2d 1047, 1055 (D.Neb.1998).

The Tax Court correctly applied the law to the undisputed facts.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.