132 T.C. No. 16

UNITED STATES TAX COURT

HENRY AND SUSAN F. SAMUELI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13953-06.                    Filed May 18, 2009.

Ps allege they overpaid their Federal income tax
for 2003 on account of adjustments from a TEFRA
partnership.  Ps argue that the adjustments are no
longer partnership items, in part because Ps filed an
amended individual income tax return for 2003 (amended
return) that qualifies under sec. 6227, I.R.C., as an
administrative adjustment request filed on behalf of a
partner (partner AAR).  Sec. 301.6227(d)-1(a), Proced.
& Admin. Regs., requires that a taxpayer file a partner
AAR on a form prescribed by R and in accordance with
the form's instructions.  R prescribed the form as Form
8082, Notice of Inconsistent Treatment or
Administrative Adjustment Request (AAR), and stated in
the form's instructions that a taxpayer must explain in
detail on the form the reasons for the administrative
adjustment reported on the form.  R stated in the
instructions and in the referenced regulations that the
taxpayer must file the original form with the
taxpayer's amended income tax return and a copy of the
form with (as applicable here) the service center where

the partnership files its tax return.  Ps assert that
the amended return qualified as a partner AAR because
they substantially complied with the requirements for a
partner AAR.
    Held:  The amended return did not qualify as a
partner AAR because the return neither met the
requirements for a partner AAR nor substantially
complied with those requirements.  Accordingly, the
adjustments remain partnership items.

Nancy L. Iredale, for petitioners.

Miles B. Fuller and Louis B. Jack, for respondent.

OPINION

KROUPA, Judge:  Respondent moves the Court to dismiss part

of this case for lack of jurisdiction.  That part relates to

petitioners' allegation of a reduction in their taxable income

for 2003 on account of adjustments from H&S Ventures, LLC (H&S

Ventures), a limited liability company treated as a partnership

for Federal tax purposes.  We lack jurisdiction if petitioners'

amended individual income tax return for 2003 (amended return)

did not qualify under section 6227[1] as an administrative

adjustment request (AAR) filed on behalf of a partner (partner

AAR).  We hold that the amended return did not qualify as a

partner AAR, and we shall dismiss the referenced part of this

---

[1]Section references are to the applicable versions of the
Internal Revenue Code, unless otherwise stated.

case. We need not and do not decide whether we would have jurisdiction if the amended return qualified as a partner AAR.

## Background

### I. Petitioners

Petitioners are husband and wife. They filed a joint Federal income tax return for 2003. They resided in California when they filed the petition.

### II. H&S Ventures

H&S Ventures was a limited liability company treated as a partnership for Federal tax purposes. Each petitioner owned 10 percent of H&S Ventures, and petitioners' grantor trust owned the remaining 80 percent. H&S Ventures filed a Form 1065, U.S. Return of Partnership Income, for 2003.

### III. Respondent's Notice of Deficiency

Respondent issued a notice of deficiency to petitioners that reflected respondent's determination of a $171,026 deficiency for 2001 and a $2,177,532 deficiency for 2003 in petitioners' Federal income taxes. Neither the determination nor the deficiencies reflected any adjustment to H&S Ventures' Form 1065. Petitioners challenged respondent's determination by timely filing a petition with the Court. The Court redetermined that determination in Samueli v. Commissioner, 132 T.C. ___ (2009).

IV.  Amended Schedules K-1

Petitioners received from H&S Ventures amended Schedules K-1, Partner's Share of Income, Credits, Deductions, etc., for 2003 after petitioners filed their petition.  The amended Schedules K-1 reflected a $318,671 reduction in petitioners' gross income and a $86,042 reduction in their itemized deductions.  The reductions were purportedly attributable to a calculation error discovered during an examination of H&S Ventures by the State of California.

V.  Amended Tax Returns

Petitioners mailed the amended return to respondent's service center in Fresno, California (the service center where petitioners were required to file their individual income tax return).  The amended return was prepared by a certified public accounting firm and stated that petitioners' "U.S. INDIVIDUAL INCOME TAX RETURN FOR THE YEAR ENDED 12/31/2003 IS BEING AMENDED TO PROPERLY REFLECT AMENDED SCHEDULES K-1 RECEIVED FROM H&S VENTURES."  The amended return specified that petitioners were reducing their originally reported gross income to reflect the net long-term capital gain income reported on the amended Schedules K-1.  The amended return specified that petitioners were reducing their originally reported itemized deductions to reflect a change in the non-cash contribution limitation applicable to their now reduced income.  The amended return

claimed a refund of $33,461. The amended return included a copy of petitioners' Form 1040, U.S. Individual Income Tax Return, for 2003 as amended and a copy of petitioners' Form 1040 for 2003 as originally filed. The amended return was three pages in length (exclusive of the Forms 1040), and each page of the amended return was stamped "AMENDED." The amended return did not include copies of the amended Schedules K-1.

H&S Ventures filed an amended Form 1065 for 2003 shortly after petitioners mailed the amended return to respondent.

## VI. Second Amendment to Petition

Petitioners filed with the Court a second amendment to petition after they filed the amended return. Petitioners allege in the second amendment to petition that they overpaid their tax for 2003 by the $33,461 and are entitled to a refund of that amount plus statutory interest.

## Discussion

## I. Jurisdiction

Respondent moves to dismiss part of this case for lack of jurisdiction. We begin our analysis with some general tenets of our jurisdiction. This Court like other Federal courts is a Court of limited jurisdiction. See Ginsberg v. Commissioner, 130 T.C. 88, 91 (2008). Whether we have jurisdiction over the subject matter of a dispute is an issue that either party may raise at any time. See Charlotte's Office Boutique, Inc. v.

Commissioner, 121 T.C. 89, 102 (2003), affd. 425 F.3d 1203 (9th Cir. 2005). Petitioners bear the burden of proving that we have jurisdiction to decide the propriety of the adjustments from H&S Ventures (subject adjustments) because petitioners invoke our jurisdiction over that matter. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), affd. 22 Fed. Appx. 837 (9th Cir. 2001). Petitioners must therefore establish affirmatively all facts giving rise to our jurisdiction to satisfy that burden. See id.

II. TEFRA in General

We turn to some general tenets involving partnerships. Partnerships are not subject to Federal income tax. See sec. 701. Partnerships are nevertheless required to file annual information returns reporting their partners' distributive shares of income, gain, loss, deductions, or credits. See sec. 6031; see also Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995). Partners are required to report their distributive shares of those items on their individual Federal income tax returns. See secs. 701, 702, 703, and 704.

The Commissioner and the courts had to adjust partnership items at the partner level before 1982. See Adams v. Johnson, 355 F.3d 1179, 1186-1187 (9th Cir. 2004); Randell v. United States, supra at 103. Congress enacted the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility

Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96 Stat. 648, to remove the substantial administrative burden occasioned by duplicative audits and litigation and to provide consistent treatment of partnership income, gain, loss, deductions, and credits among all partners in the same partnership. See Adams v. Johnson, supra at 1186-1187; Randell v. United States, supra at 103; H. Conf. Rept. 97-760, at 599-600 (1982), 1982-2 C.B. 600, 662-663. Those procedures require that a partnership and its partners treat all partnership items consistently on their returns (including related Schedules K-1) unless a partner informs the Commissioner of an inconsistent treatment. See sec. 6222(a) and (b). The proper treatment of partnership items at the partnership level is determined under the TEFRA procedures in a single, unified audit and judicial proceeding. See Adams v. Johnson, supra at 1186-1187; Randell v. United States, supra at 103; H. Conf. Rept. 97-760, supra at 599-600, 1982-2 C.B. at 662-663.

III. Applicability of TEFRA to H&S Ventures

The parties agree that H&S Ventures is subject to TEFRA for 2003 and that the subject adjustments were partnership items at least until petitioners filed the amended return. We also agree. See generally secs. 6221 through 6234. We therefore lack jurisdiction in this deficiency proceeding to decide the propriety of the subject adjustments unless TEFRA provides

otherwise.  See <u>Munro v. Commissioner</u>, 92 T.C. 71, 74 (1989);
<u>Maxwell v. Commissioner</u>, 87 T.C. 783, 789 (1986).

IV.  <u>AARs</u>

Each partner was generally required to file a separate
amended return to correct a partnership item before TEFRA.  TEFRA
allows a "tax matter partner" (as defined in section 6231(a)(7))
to file an AAR on behalf of the entire partnership (partnership
AAR).  See sec. 6227.  TEFRA also allows each partner to file a
partner AAR solely on behalf of that partner.  See <u>id.</u>  An AAR
must be filed in accordance with section 6227 for a partner to
change the treatment of a partnership item on the partner's
return.  See <u>Phillips v. Commissioner</u>, 106 T.C. 176, 180-181
(1996).

Petitioners claim they filed a partner AAR in the form of
the amended return.  The Commissioner upon receipt of a partner
AAR may take one of four actions.  See sec. 6227(d).  First, the
Commissioner may process the partner AAR as a claim for credit or
refund with respect to a nonpartnership item.  See <u>id.</u>  Second,
the Commissioner may assess additional tax resulting from the
requested adjustments.  See <u>id.</u>  Third, the Commissioner may
notify the partner that all partnership items of the partner for
the partnership's taxable year to which the partner AAR relates
will be treated as nonpartnership items.  See <u>id.</u>  Fourth, the
Commissioner may conduct a partnership proceeding.  See <u>id.</u>  The

Commissioner upon receiving a partner AAR generally opts to follow the fourth action; i.e., to begin a partnership proceeding and to determine in that proceeding the validity of the request. See 2 Audit, Internal Revenue Manual (IRM) (CCH), pt. 4.31.4.2.3.1(4), at 10,864 (Sept. 1, 2006).

The partner in turn may begin a civil action for refund of tax attributable to adjustments claimed in the partner AAR if the Commissioner does not allow any part of the adjustments and neither notifies the partner that the adjustments will be treated as nonpartnership items, nor begins a partnership proceeding. See sec. 6228(b)(2). The timeliness of such a civil action is governed by section 6228(b)(2)(B). The partnership items of the partner for the partnership taxable year to which the partner AAR relates are recharacterized as nonpartnership items on the beginning of the civil action. See sec. 6228(b)(2)(A).

V. Regulations Applicable to the Filing of a Partner AAR

The Secretary has prescribed rules for the filing of a partner AAR in section 301.6227(d)-1(a), Proced. & Admin. Regs. That section states:

> § 301.6227(d)-1 Administrative adjustment request filed on behalf of a partner.--(a) In general. A request for an administrative adjustment on behalf of a partner shall be filed on the form prescribed by the Internal Revenue Service for that purpose in accordance with that form's instructions. Except as otherwise provided in that form's instructions, the request shall--

(1) Be filed in duplicate, the original copy filed with the partner's amended income tax return * * * and the other copy filed with [as applicable here] the service center where the partnership return is filed * * *;

(2) Identify the partner and the partnership by name, address, and taxpayer identification number;

(3) Specify the partnership taxable year to which the administrative adjustment request applies;

(4) Relate only to partnership items; and

(5) Relate only to one partnership and one partnership taxable year.

VI.  Form 8082

The Commissioner has prescribed Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR), as the form to be used by a partner requesting an administrative adjustment.  See Instructions for Form 8082 (rev. Jan. 2000) (instructions), at 1.  The instructions require that taxpayers file Form 8082 as an AAR to adjust passthrough items and that taxpayers explain in detail on the form the reasons for any adjustment reported on the form.  See id. at 1, 3.  The instructions require that a partner filing Form 8082 as an AAR file the form in duplicate, the original filed with the partner's amended income tax return and the copy filed with the service center where the passthrough entity return is filed.  See id. at 2.  The face of Form 8082 requires that the partner list

on the form the name, address, and identifying number of the passthrough entity to which the form relates, and that entity's taxable year.

VII.  Parties' Arguments and the Court's Analysis

   A.  Parties' Arguments

Respondent argues that the subject adjustments are partnership items the propriety of which must be decided in a partnership-level proceeding.  Petitioners argue that the subject adjustments, while once partnership items, are no longer partnership items, in part because petitioners filed the amended return that qualified under section 6227 as a partner AAR.[2] Petitioners recognize that a partner AAR must be filed on Form 8082 pursuant to section 301.6227(d)-1, Proced. & Admin. Regs., and the instructions, and petitioners acknowledge that they did not file such a form.  Petitioners argue nonetheless that the Court of Appeals for the Ninth Circuit considers amended returns to be AARs in all instances (i.e., whether accompanied by a Form 8082 or not).  Petitioners also argue that their amended return is a partner AAR because it substantially complied with the requirements for a partner AAR in that it contained all information required to be included on Form 8082.  Petitioners

_____

[2]Petitioners conclude that their filing of the amended return as a partner AAR and their filing of the second amendment to petition made the subject adjustments nonpartnership items pursuant to sec. 6228(b)(2)(B).

note that the Court of Appeals for the Ninth Circuit, the court to which an appeal of this case lies absent a stipulation to the contrary, treated a taxpayer's amended income tax return as a partner AAR. See Wall v. United States, 133 F.3d 1188 (9th Cir. 1998).

B. Analysis

1. Overview

We now focus on whether the amended return here qualifies as a partner AAR. This Court has held that section 6227 does not authorize the Commissioner to consider as a partner AAR a request for an administrative adjustment that fails to conform to the applicable statutory requirements. See Phillips v. Commissioner, 106 T.C. at 181. The Court of Federal Claims has held similarly. See Rothstein v. United States, 81 AFTR 2d 2132, 98-1 USTC par. 50,435 (Fed. Cl. 1998). The courts in both cases ruled that an amended return filed by a partner did not qualify as a partner AAR where the amended return was not accompanied by a Form 8082. The courts did not state, however, that an amended return could never qualify as a partner AAR if it failed to include a Form 8082. Nor does the Commissioner require that an amended return include a Form 8082 to be characterized as a partner AAR. See 2 Audit, IRM (CCH), pt. 4.31.4.2.3.1(1), at 10,864 (Sept. 1, 2006) (stating that "Any partner may file an AAR on his or her own behalf. In order to file an AAR, a partner must complete an

amended return and Form 8082 <u>or statements that provide the same information required by Form 8082</u>" (emphasis added)).

Neither party disputes that the amended return fails to meet all of the requirements for a partner AAR set forth in section 301.6227(d)-1(a), Proced. & Admin. Regs.  The parties dispute two issues.  First, the parties dispute whether the Court of Appeals for the Ninth Circuit considers amended returns to be AARs in all instances.  If the court does not, the parties further dispute whether petitioners' amended return substantially complied with the requirements for a partner AAR so as to be characterized as a partner AAR.  We address those disputes in turn.

2.  <u>Whether Amended Returns Are AARs in All Instances</u>

Petitioners first argue that the Court of Appeals for the Ninth Circuit considers amended returns to be AARs in all instances, citing <u>Wall v. United States</u>, <u>supra</u>.  We do not read that opinion to support petitioners' broad claim.  In <u>Wall</u>, the Court of Appeals for the Ninth Circuit treated a taxpayer's amended return as a partner AAR even though no Form 8082 accompanied the amended return.  The court had previously held, however, that the amended return substantially complied with the procedures governing requests for an administrative adjustment. See <u>id.</u>  The court did not state that an amended return in and of itself is considered to be a partner AAR.  Nor are we aware of any published opinion of the Court of Appeals for the Ninth

Circuit (or any other court) that holds that an amended return in and of itself is considered a partner AAR. The regulations require that certain information be relayed to the Commissioner in a certain manner for a request to qualify as a partner AAR. See sec. 301.6227(d)-1(a), Proced. & Admin. Regs. An amended return may not contain that information, or it may not be submitted to the Commissioner in the manner required by the regulations. We conclude that an amended return is not necessarily a partner AAR. We now address petitioners' second argument.

### 3. Whether Petitioners' Amended Return Substantially Complied With Requirements for a Partner AAR

Petitioners also argue that their amended return was a partner AAR because it substantially complied with the requirements for a partner AAR. We agree with petitioners that their amended return, filed without a Form 8082, may be characterized as a partner AAR if it substantially complied with the requirements for a partner AAR. We disagree with petitioners, however, that their amended return substantially complied with those requirements.

The substantial compliance doctrine is a narrow equitable doctrine that courts may apply to avoid hardship where a party establishes that the party intended to comply with a provision, did everything reasonably possible to comply with the provision, but did not comply with the provision because of a failure to

meet the provision's specific requirements.  See <u>Sawyer v. County of Sonoma</u>, 719 F.2d 1001, 1007-1008 (9th Cir. 1983); <u>Fischer Indus., Inc. v. Commissioner</u>, 87 T.C. 116, 122 (1986), affd. 843 F.2d 224 (6th Cir. 1988); see also <u>Credit Life Ins. Co. v. United States</u>, 948 F.2d 723, 726-727 (Fed. Cir. 1991); <u>Prussner v. United States</u>, 896 F.2d 218, 224 (7th Cir. 1990); <u>Estate of Chamberlain v. Commissioner</u>, T.C. Memo. 1999-181, affd. 9 Fed. Appx. 713 (9th Cir. 2001).

The record does not establish that petitioners intended to file the amended return as a partner AAR.  The amended return was professionally prepared for petitioners, whom we consider sophisticated and financially adept individuals, and indicated that petitioners were amending their individual income tax return merely to conform the return to amended Schedules K-1 received from H&S Ventures.  The amended return did not include a copy of any of the amended Schedules K-1, and it did not include a Form 8082 that would indicate that petitioners were filing the amended return as other than an amended return.[3]  The amended return

---

[3]A partnership AAR must include revised Schedules K-1, see sec. 6227(c)(3), and the partners may file amended individual income tax returns to conform their individual returns to the revised Schedules K-1, see 2 Audit, Internal Revenue Manual (CCH), pt. 4.31.4.6.1.1, at 10,869 (Sept. 1, 2006) (stating that the Commissioner may take no action in response to a partnership AAR where all of the partners incorporated the reported adjustments into their original or amended returns).  We agree with respondent that a primary purpose for TEFRA would be frustrated if respondent had to determine whether each such

(continued...)

further stressed the word "AMENDED" on each of its pages and included a copy of petitioners' Form 1040 for 2003, both as originally filed and as amended by the amended return. We also note that petitioners asserted for the first time that the amended return should be considered a partner AAR only after receiving respondent's motion now before us. The requisite intent needed to be present contemporaneously with the filing of the partner AAR, not later when petitioners believed it to be more advantageous to have had that intent initially.

Nor did the amended return substantially comply with the requirements for a partner AAR in that the amended return was not filed in the manner required for a Form 8082 and did not include all information required to be provided on a Form 8082. The amended return failed the former requirement because a copy of the amended return was not filed with the service center where the partnership return was filed. Respondent stated explicitly in the referenced regulations and in the instructions that a partner AAR must be filed in duplicate, one copy at each of the designated places. Petitioners do not assert that the dual filing requirement is unreasonable as applied to them, nor do we consider that to be the case. The amended return failed the latter requirement because, in part, the amended return did not

_____

³(...continued)
amended individual income tax return was in fact a partner AAR, as petitioners effectively ask the Court to hold.

list the address of H&S Ventures and did not specify the partnership taxable year to which the requested adjustments related. The amended return also did not explain in detail the reasons for the requested adjustments. Such reasons are necessary, respondent argues and we agree, so that respondent can properly carry out the function of section 6227(d) by deciding as to the AAR whether to allow or disallow the requested adjustments, or to start a partnership proceeding. The amended return did not allow respondent to carry out that function properly in that it did not detail the specific reasons for the requested adjustments reported on the amended return. The adjustments could just as easily have been requested to correct a mathematical error as to reflect a different substantive treatment of a partnership item.

We conclude that petitioners' amended return did not substantially comply with the requirements for a partner AAR. Petitioners' amended return is therefore not a partner AAR.

VIII. <u>Conclusion</u>

The amended return does not qualify as a partner AAR, and the claimed adjustments from H&S Ventures are partnership items over which we lack jurisdiction. We have considered all arguments petitioners have made for a contrary conclusion and, to the extent not discussed, we have rejected those arguments as without merit.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.