# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20596

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

DAVID W. STEWART; TARA F. STEWART; RICHARD K. PLATO; TINA M. PLATO,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-00294

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This case stems from the United States Internal Revenue Service (IRS) attempting to claw back tax refunds paid to Defendant taxpayers. The district court granted summary judgment in full in favor of Defendants. For the reasons stated below, we REVERSE the district court's grant of summary judgment and RENDER judgment in favor of the United States.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20596

I.

Defendants David Stewart and Richard Plato are two of the five partners that comprise Odyssey Energy Capital I, LP (Odyssey). The partners at Odyssey managed a portfolio of oil and gas properties owned by Hydrocarbon Capital, LLC (Hydrocarbon). In 2004, Hydrocarbon sold its portfolio managed by Odyssey, and Odyssey received a 20 percent interest worth approximately $20 million.

In 2005, Odyssey filed its federal partnership tax return for 2004, reporting "ordinary income" of $20,106,410. Each Odyssey partner received a Schedule K-1 form to report his share of the partnership. Stewart reported taxable income of $5,941,529 on his individual tax return, and Plato reported $2,740,824.[1] In 2007, Odyssey determined that its income from 2004 was not "ordinary income" but rather "capital gains." Accordingly, Odyssey amended its 2004 return to reflect the change and re-issued amended Schedule K-1 forms to its partners. After receiving their new Schedule K-1 forms from Odyssey, Stewart and Plato each amended their 2004 individual returns and ultimately received refunds from the government. Two of the other Odyssey partners also received refunds.

A fifth partner also filed an amended tax return for 2004, but the government denied his refund request. The government eventually opened an investigation into the fifth partner's amended tax return. During this investigation, the government requested records from Odyssey's business with Hydrocarbon and ultimately denied that partner's refund.[2] As a result of the

---

[1] Defendants David Stewart and Richard Plato filed their 2004 taxes jointly with their respective wives, Tara Stewart and Tina Plato. As such, Mrs. Stewart and Mrs. Plato also are defendants in this matter.

[2] The facts concerning this fifth partner's case, as well as additional background regarding the Odyssey-Hydrocarbon business arrangement and its tax implications are

investigation, the government concluded that Odyssey's 20 percent interest was compensation for services and therefore the fifth partner's earnings should be taxed as ordinary income, not as capital gains. The investigation also brought to the government's attention the refunds it had issued to Defendants. The government determined it had erred in approving Defendants' refunds and brought suit in 2010 for return of the refunds. In 2015, the district court granted summary judgment in full for the Defendants, holding that because the income was properly characterized as capital gains, the amended tax returns were correct, and the tax refunds were not erroneous. This appeal by the United States followed.

## II.

The primary issue in this case is whether either Odyssey's or Defendants' amended returns were sufficient to adjust the partnership income from "ordinary income" to "capital gains." We hold they were not sufficient.

In order for partnerships or partners to properly amend an income tax return, they must file an Administrative Adjustment Request (AAR) under I.R.C. § 6227. *See Samueli v. C.I.R.*, 132 T.C. 336, 341 (2009) ("An AAR *must* be filed in accordance with section 6227 for a partner to change the treatment of a partnership item on the partner's return." (emphasis added)). IRS regulations require that a partnership or partner seeking to make an adjustment of a partnership item, such as the reclassification of income in this case, "file[ ] on the form prescribed by the Internal Revenue Service for that purpose in accordance with that form's instructions." 26 C.F.R. §§ 301.6227(c)-1, (d)-1. IRS Form 8082 is the form prescribed by the IRS for AARs. *See Samueli*, 132 T.C. at 342 ("The Commissioner has prescribed Form 8082,

---

addressed extensively in this court's decision in *Rigas v. United States*, 486 F. App'x 491 (5th Cir. 2012).

No. 15-20596

Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR), as the form to be used by a partner requesting an administrative adjustment."). The "Instructions for Form 8082" specifically identify taxpayers who "are requesting an administrative adjustment to correct a previously filed partnership . . . return" among those who must file a Form 8082.

In this case, Odyssey purportedly changed the characterization of the $20 million from ordinary income to capital gains simply by filing an amended tax return. Defendants filed their own amended returns based on the amended Schedule K-1s provided by Odyssey. However, neither Odyssey nor any of the Defendants filed a Form 8082; therefore, no proper request for an administrative adjustment was made by either Odyssey or the Defendant partners and Odyssey's income from Hydrocarbon cannot properly have been adjusted at the partnership level. *See Rigas v. United States*, 486 F. App'x 491, 500 (5th Cir. 2012) (holding that another of Odyssey's partner's amended return "does not qualify as an AAR filed pursuant to 26 U.S.C. § 6227(d)"); *see also Samueli*, 132 T.C. at 343 ("[S]ection 6227 does not authorize the Commissioner to consider as a partner AAR a request for an administrative adjustment that fails to conform to the applicable statutory requirements.").

## III.

While Defendants did not comply with section 6227, they could have potentially satisfied the AAR requirements with "substantial compliance." This court addressed this same substantial compliance issue in *Rigas*. The taxpayer in *Rigas*, John Rigas, who is the fifth Odyssey partner mentioned above, argued he had substantially complied with section 6227's regulatory requirements. *See* 486 F. App'x at 499–500. Both Rigas and Defendants in this case provided nearly identical short statements on their amended returns explaining why they were filing an amended return. This court, citing *Samueli*, 132 T.C. 336, held that the short statement on Rigas's amended return did not

4

constitute "substantial compliance" because it was not sent to the appropriate service center and did not contain the level of detail required for an AAR. *Rigas*, 486 F. App'x at 499–500. Due to the stark factual similarities between *Rigas* and Defendants in the present case, we hold Defendants did not substantially comply with the regulatory requirements of an AAR. *See id.*[3]

## IV.

Because neither Odyssey's nor Defendants' amended returns qualifies as an AAR in either form or substance, Odyssey's income should not have been adjusted from ordinary income to capital gains and the refunds issued to Defendants were erroneous. According to federal regulations, the government can seek to recover "[a]ny portion of a tax imposed by this title, refund of which is erroneously made, within the meaning of section 6514, may be recovered by civil action brought in the name of the United States." I.R.C. § 7405. The statute of limitations on erroneous refund suits is two years from the date of the refund. *See* I.R.C. §6532 ("Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund . . . ."). The record indicates the government initiated this suit just within the limitations period. As such, the government is entitled to a refund.

For the foregoing reasons, we REVERSE the district court's grant of summary judgment and RENDER judgment in favor of the United States.

---

[3] To the extent Defendants argue that the IRS waived the formal requirements for a partnership AAR by supposedly recognizing and processing the amended Form 1065 as an AAR, that argument also fails. Defendants' selective proffering of internal IRS documents does not establish an administrative wavier. *See Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293, 297–98 (1945) (holding that a waiver of the rules may be found only when there is an "unmistakable" showing "that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission").