# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 18-60814

October 23, 2020

Lyle W. Cayce
Clerk

FULL-CIRCLE STAFFING, L.L.C.; WATCHMAN INVESTMENT TRUST,

        Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent–Appellee.

———————————

PROFESSIONAL CARGO SERVICES USA, LIMITED; WATCHMAN INVESTMENT TRUST,

        Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent–Appellee.

———————————

WATCHMAN INVESTMENT TRUST,

        Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent–Appellee.

———————————

No. 18-60814

AUZANO PRO, L.L.C.; WATCHMAN INVESTMENT TRUST,

Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent–Appellee.

GULF CARGO GROUP, L.L.C.; WATCHMAN INVESTMENT TRUST,

Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent–Appellee.

RICHARD T. PUDLO; MITZI M. PUDLO,

Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent–Appellee.

Appeal from the United States Tax Court
USTC No. 12883-15
USTC No. 17279-15
USTC No. 17280-15
USTC No. 17281-15
USTC No. 17282-15
USTC No. 21187-15

No. 18-60814

Before OWEN, Chief Judge, HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

The United States Tax Court held that the Watchman Investment Trust and four related partnerships are shams for federal income tax purposes. Accordingly, the tax court determined that the income from the shams is personally attributable to Richard and Mitzi Pudlo for tax purposes. The taxpayers now appeal. Since this court lacks jurisdiction over the appeals brought by Watchman and the four partnerships, their appeals are dismissed. This court lacks jurisdiction over the claims brought by the Pudlos, except for their inadequate notice claim and their improper consolidation claim, the latter of which is moot. We affirm the tax court's judgment as to the issues over which we have jurisdiction.

I

This case consists of six appeals. The first is brought by Richard and Mitzi Pudlo (the Pudlos). The second appeal is brought by the Watchman Investment Trust (Watchman). The remaining four appeals are brought by partnerships: Full-Circle Staffing, L.L.C.; Professional Cargo Services USA, Limited; Auzano Pro, L.L.C.; and Gulf Cargo Group, L.L.C. (the Partnerships). Watchman owns 99% of Full-Circle Staffing, L.L.C.; Auzano Pro, L.L.C.; and Gulf Cargo Group, L.L.C. Richard Pudlo owns the remaining 1%. Watchman also owns 94% of Professional Cargo Services USA, Limited. The Pudlos and another business—wholly-owned by the Pudlos—own the remaining 6%. Watchman's sole beneficiary, Lighthouse Foundation, is a charitable trust managed by the Pudlos. The basis of the underlying litigation was that, on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60814

almost $7.9 million in ordinary business income earned by the Partnerships, a total of $1,448 in income tax was paid by the partners (i.e., Watchman and the Pudlos).

In 2015, the Commissioner of Internal Revenue (Commissioner) sent Notices of Final Partnership Administrative Adjustment (FPPAs) to the Partnerships, and Notices of Deficiency to Watchman and the Pudlos. In response, the taxpayers filed cases with the United States Tax Court. The tax court eventually consolidated the six matters. After a two-day trial, the tax court severed the cases and issued six separate decisions. The tax court entered its decisions with respect to Watchman and the Partnerships on June 28, 2018. The tax court entered its decision in the Pudlos' case on July 12, 2018. In those decisions, the tax court held, among other things, that Watchman and the Partnerships were shams for federal income tax purposes. Accordingly, the tax court attributed all the income to the Pudlos personally for tax purposes. On August 13, 2018, the Pudlos asked the tax court to reconsider and vacate its decision against them. The tax court denied the motion on August 16, 2018. The Pudlos filed their notice of appeal on November 8, 2018, and Watchman and the Partnerships filed their notices of appeal on November 13, 2018.[1]

## II

A notice of appeal from a decision in a tax court case must be filed within 90 days after entry of the decision.[2] The only exception to this rule is if a party files a timely motion to vacate or revise the tax court's decision.[3] Then, "the time to file a notice of appeal runs from the entry of the order disposing of the

---

[1] *See* FED. R. APP. P. 13(a)(2) ("If sent by mail the notice [of appeal] is considered filed on the postmark date . . . .").

[2] I.R.C. § 7483; *see also* FED. R. APP. P. 13(a)(1)(A).

[3] FED. R. APP. P. 13(a)(1)(B).

motion or from the entry of a new decision, whichever is later."[4]  A motion to vacate or revise must be filed within 30 days of the tax court's decision.[5]  An untimely motion does not toll the time by which a notice of appeal must be filed.[6]  If a notice of appeal is not filed within the prescribed time frame, then the tax court's decision becomes final and unreviewable.[7]

Here, the tax court entered its decisions with respect to Watchman and the Partnerships on June 28, 2018.  No motion to vacate the decisions regarding Watchman and the Partnerships was filed.  Accordingly, the notices of appeal for those cases had to be filed on or before September 26, 2018.  But they were filed on November 13, 2018, well beyond the deadline.

The tax court entered its decision in the Pudlos' case on July 12, 2018.  On August 13, 2018, the Pudlos timely asked the tax court to reconsider and vacate its decision against them.  The tax court denied the motion on August 16, 2018.  Accordingly, the notice of appeal for that case had to be filed within 90 days of the denial.  It was filed on November 8, 2018, within the deadline.

The taxpayers contend that this motion to vacate, despite only being filed in the Pudlos' individual case and only arguing to vacate the decision in the

---

[4] *Id.*

[5] TAX CT. R. 162 ("Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the [tax court] shall otherwise permit.").

[6] *Dean v. Comm'r*, No. 17-1123, 2017 WL 4232520, at *1 (D.C. Cir. Sept. 13, 2017) ("Appellant's second motion to vacate or revise did not toll the appeals period because that motion was itself untimely . . . ."); *accord Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 & n.10 (5th Cir. 1998) (holding plaintiffs' appeal untimely because plaintiffs' untimely "Motion to Reconsider and Vacate Orders" "did not toll the time for filing a notice of appeal"); *see also Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010); *Sanders v. Clemco Indus.*, 862 F.2d 161, 165 (8th Cir. 1988); *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 110 (7th Cir. 1985).

[7] I.R.C. § 7481(a)(1) ("[T]he decision of the Tax Court shall become final . . . [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time . . . ."); *Bowles v. Russell*, 551 U.S. 205, 207 (2007) ("[T]he requirement of filing a timely notice of appeal is mandatory and jurisdictional." (internal quotation marks omitted)).

No. 18-60814

Pudlos' case, was meant to include Watchman and the Partnerships. We need not consider this argument. Even assuming the motion to vacate did include taxpayers besides the Pudlos, the motion to vacate would have still been untimely for Watchman's and the Partnerships' cases. The 30-day window for Watchman and the Partnerships to file their motion(s) to vacate or revise expired on July 28; the Pudlos' motion to vacate was not filed until August 13, well beyond the expiration. The motion to vacate did not toll the time for filing notices of appeal in Watchman's and the Partnerships' cases, unlike in the Pudlos' case.

Watchman and the Partnerships also argue that this court should equitably extend its jurisdiction even if the notices were not timely. But the Supreme Court has held that the time for filing a notice of appeal is jurisdictional and cannot be extended.[8] Therefore, this court lacks jurisdiction over the appeals of Watchman and the Partnerships. Their appeals must be dismissed.

## III

The only remaining case is the Pudlos', in which they argue, among other issues, that the tax court erred in holding that Watchman and the Partnerships were shams, and in failing to consider the amended tax filings of the Partnerships.

---

[8] *Bowles*, 551 U.S. at 207 ("[T]he requirement of filing a timely notice of appeal is mandatory and jurisdictional." (internal quotation marks omitted)); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 400 (1981) ("[T]his Court recognizes no general equitable doctrine . . . which countenances an exception to the finality of a party's failure to appeal merely because his rights are 'closely interwoven' with those of another party [who timely appealed].").

No. 18-60814

For certain partnership issues, the tax court has jurisdiction only to consider partnership-level issues.[9] This means that, in those types of proceedings in tax court, a partner, like Richard Pudlo, cannot raise an issue regarding an individual partner's tax liability; he can only raise a partnership item. A "partnership item[]" is defined as any item that is "required to be taken into account for the taxable year of a partnership" and that the Secretary of the Treasury has determined, in regulations, to be "more appropriately determined at the partnership level than at the partner level."[10] Partnership items include "[t]he partnership aggregate and each partner's share of . . . [i]tems of income, gain[,] loss, deduction, or credit."[11] They also include "the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc."[12]

The issue of whether a partnership is a sham and should be disregarded for federal income tax purposes is a partnership-level issue.[13] Thus, whether Watchman is a sham is a partnership-level issue.[14] Further, whether the tax court properly considered amended tax returns of the Partnerships[15] is

---

[9] *See Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) ("[T]he Tax Court's jurisdiction is limited to determining partnership items and the proper allocation of those partnership items among the partners.").

[10] TREAS. REG. § 301.6231(a)(3)-1(a) (1986).

[11] *Id.* § 301.6231(a)(3)-1(a)(1)(i).

[12] *Id.* § 301.6231(a)(3)-1(b).

[13] *See United States v. Woods*, 571 U.S. 31, 37-39 (2013) (holding that "a court in a partnership-level proceeding . . . has jurisdiction to determine not just partnership items," but also whether "a partnership lacks economic substance" because that determination is "an adjustment to a partnership item"); *see also Napoliello v. Comm'r*, 655 F.3d 1060, 1065 (9th Cir. 2011) ("[A] determination as to a partnership's validity . . . falls within the definition of a partnership item."); *RJT Invs. X v. Comm'r*, 491 F.3d 732, 736-37 (8th Cir. 2007) (considering the issue of a partnership's status as a sham because it "may render a 'thumbs-up or thumbs-down' verdict on other relevant partnership item entries").

[14] *See supra* note 12.

[15] *See, e.g.*, *Samueli v. Comm'r*, 132 T.C. 336, 343-46 (2009) ("focus[ing] on whether the amended return . . . qualifie[d] as a partner AAR").

relevant to factual and legal determinations about the Partnerships' income and the tax liability of their partners. Thus, it too is a partnership-level issue.

In the partnership proceedings below, the tax court made the determination that Watchman was a sham.[16] This meant that the Partnerships were solely owned by the Pudlos.[17] The tax court's opinion concluded that "[b]ecause we have found that Watchman is a sham, it seems to us that the partnerships' income is attributable to the Pudlos without the need to determine whether the four partnerships should also be disregarded for Federal tax purposes."[18] Whether the partnerships should be disregarded were partnership-level determinations that could not be litigated in the Pudlos' proceedings regarding their individual tax liability as partners.[19]

Accordingly, the Pudlos' partnership-level claims regarding (1) the tax court's determination that Watchman and the Partnerships were shams, and (2) the tax court's failure to consider amended tax filings of the Partnerships are both dismissed for lack of jurisdiction.

## IV

Next, the Pudlos allege that the Notices of Deficiency the Commissioner sent to the Pudlos and Watchman were insufficient because they did not mention the sham theory of tax liability. But "[a]fter issuing a Notice of Deficiency . . . the IRS may later assert in the tax court new legal theories and allege additional deficiencies."[20]

---

[16] *Full-Circle Staffing, LLC v. Comm'r*, 115 T.C.M. (CCH) 1341, at *37 (2018).

[17] *Id.* at *35-37.

[18] *Id.* at *35.

[19] *See id.* at *34-37.

[20] *QinetiQ US Holdings, Inc. & Subsidiaries v. Comm'r*, 845 F.3d 555, 560 (4th Cir. 2017), *cert. denied,* 138 S. Ct. 299; *see also* I.R.C. § 6214(a) ("[T]he Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer . . . ."); I.R.C. § 7522(a) ("An inadequate description" within a notice of "the tax due, interest, additional amounts, additions to the tax, and assessable penalties" "shall not

No. 18-60814

The Pudlos also allege that the Commissioner "argued for the first time in its opening brief this is a sham case." However, the Commissioner alleged this was a sham case, among other filings, (1) in its FPPAs prior to any case being filed, (2) in its answer to the Pudlos' petition in the tax court, and (3) in its motion for consolidation more than a year before trial. Moreover, the Pudlos acknowledged it was a sham case, among other filings and proceedings, (1) in their petition filed with the tax court, (2) in their response to one of the Commissioner's consolidation motions, and (3) at a hearing in response to the second consolidation motion. The Pudlos had adequate notice that this was a tax sham case. Therefore, we affirm on this issue.

## V

Lastly, the Pudlos claim that the tax court improperly consolidated the six cases. This issue is moot.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'"[21] Federal courts are unable to decide disputes or expound on the law without such an ongoing "Case" or "Controversy."[22] "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"[23] Mootness can occur when the injury complained of cannot be redressed by the requested relief.[24]

---

invalidate such notice."); TAX CT. R. 142(a)(1) (providing that the burden of proof is on the respondent for "increases in deficiency . . . pleaded in the answer").

[21] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).

[22] *Id.*

[23] *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (some internal quotation marks omitted)).

[24] *See id.* at 90.

No. 18-60814

Here, even if this court were to reverse the tax court for improper consolidation and remand for further proceedings, we could only reverse and remand the Pudlos' case since we lack jurisdiction in the other five cases. The only issues the Pudlos could then raise on remand are partnership-level questions that, as discussed above, would be outside of the tax court's jurisdiction. Thus, even if this court ruled on the improper consolidation claim, it could offer the Pudlos no relief. That renders their claim moot. Because the claim regarding consolidation is moot, we must dismiss it.

*    *    *

Watchman's and the Partnerships' appeals are DISMISSED. The Pudlos' appeal is DISMISSED in part, i.e., as to all claims other than the claim that the Notices of Deficiency were inadequate. The judgment of the United States Tax Court is otherwise AFFIRMED in the Pudlos' appeal.