T.C. Memo. 2014-66

UNITED STATES TAX COURT

ESTATE OF WALLACE R. WOODBURY, DECEASED, WALLACE
RICHARDS WOODBURY, JR., EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19901-12.                    Filed April 14, 2014.

Estate (E) requested an extension of time to file its estate tax return and included a letter stating that it intended to make the election under I.R.C. sec. 6166 when it filed the return. E was allowed a six-month extension. E requested a further extension of time to file, which R denied. E filed its estate tax return nearly 2-½ years late. In the return, E expressly elected to pay estate tax in installments pursuant to I.R.C. sec. 6166 and included a notice of election providing all requisite information required by the applicable regulation. R sent E a notice of determination denying the election on the ground that E had failed to make the election on a timely filed estate tax return.

[*2]        E filed a petition requesting declaratory relief under I.R.C. sec. 7479.  E alleged that it had made a valid I.R.C. sec. 6166 election under the doctrine of substantial compliance.  R moved for summary judgment on the ground that sec. 20.6166-1(b), Estate Tax Regs., requires that an election under I.R.C. sec. 6166 be made on a timely filed estate tax return.  E objected to R's motion and filed a cross-motion for summary judgment, arguing that it had substantially complied with sec. 20.6166-1, Estate Tax Regs.

        Held:  E did not substantially comply with sec. 20.6166-1, Estate Tax Regs., nor did it comply with I.R.C. sec. 6166 itself.  E's motion for summary judgment will therefore be denied.

        Held, further, because E failed to make a timely election under I.R.C. sec. 6166, R's motion for summary judgment will be granted.

D. Matthew Moscon and James F. Wood, for petitioner.

S. Mark Barnes and Skyler K. Bradbury, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case is before the Court on the parties' cross-motions for summary judgment filed under Rules 121(a) and 217(b)(2).[1]

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect for the date of decedent's death.

**[\*3]**     Respondent issued a notice of determination denying the election by the

Estate of Wallace R. Woodbury (estate) to pay its Federal estate tax in installments

under section 6166.[2]  As a threshold matter, we must decide whether disposition of

this case by summary judgment is appropriate.  If so, the issue for decision is

whether the doctrine of substantial compliance serves to deem the estate's

installment payment election under section 6166 timely.  If it does not, then we

must decide whether respondent's denial of the election on the ground that the

estate's election was untimely was correct.

## Background

The following is a summary of relevant facts that are not in dispute.  These

facts are stated solely for the purpose of deciding the pending cross-motions for

summary judgment and are not findings of fact for this case.  See Estate of Roski

v. Commissioner, 128 T.C. 113 (2007); see also Estate of Kahn v. Commissioner,

125 T.C. 227, 228 (2005) (citing Fed. R. Civ. P. 52(a) and Lakewood Assocs. v.

Commissioner, T.C. Memo. 1995-552).

On September 27, 2006, Wallace R. Woodbury (decedent) died.  Decedent

resided in the State of Nevada at the time of his death.  Decedent's estate was

---

[2] As discussed in greater detail infra, sec. 6166(a) allows an estate making an appropriate election to pay the estate tax due in installments over a 10-year period after a 5-year deferral.

**[*4]** probated under the jurisdiction of the Third District Court for the State of

Utah.  Wallace Richards Woodbury, Jr. (executor), was appointed executor of the

estate. Executor is, and was at all relevant times, a resident of the State of Utah.

Decedent's Federal estate tax return was due to be filed by June 27, 2007.

See sec. 6075(a).[3]  However, before that date the estate filed a Form 4768,

Application For Extension Of Time To File A Return And/Or Pay U.S. Estate (and

Generation-Skipping Transfer) Taxes, and was allowed a six-month extension of

time, to December 27, 2007, to file its return.[4]  See sec. 6081(a); sec. 20.6081-1,

---

[3] Sec. 6075(a) provides:  "Returns made under section 6018(a) (relating to estate taxes) shall be filed within 9 months after the date of the decedent's death."

[4] The estate checked the box in Part II, Extension of Time To File Form 706, of Form 4768 indicating that it was applying for an automatic six-month extension of time to file; the estate also checked the box in Part III, Extension of Time To Pay (Section 6161), of Form 4768 indicating that it was also applying for a sec. 6166 installment payment.  We note that the provisions of sec. 6161, dealing with extensions of time for paying tax, are neither invoked by nor relied on by either party in their cross-motions for summary judgment; more fundamentally, our jurisdiction in the instant case arises under sec. 7479, which confers jurisdiction on the Court to make a declaratory judgment regarding whether an election may be made under sec. 6166 or whether the extension of time for payment of tax provided in sec. 6166(a) has ceased to apply with respect to an estate. Accordingly, we do not consider sec. 6161.

**[\*5]** Estate Tax Regs.[5]  Along with Form 4768, the estate included a letter to respondent dated June 18, 2007, listing the decedent's name and taxpayer identification number.  The letter, which referenced an "Anticipated Election under Section 6166", stated as follows:

> Attached, please find Form 4768 for the estate of Wallace R. Woodbury (the "Estate"), a citizen of the United States, who died on September 27, 2006.
>
> The gross estate of Wallace R. Woodbury includes shares or interests in businesses that in the aggregate meet the definition of an "interest in a closely held business" to qualify to be "treated as an interest in a single closely held business" pursuant to Section 6166(c).
>
> The primary purpose of this letter is to inform you that the Estate intends to make the election to pay the Federal Estate Tax attributable to the decedent's interest in the closely held business pursuant to Section 6166 when the Form 706 Estate Tax Return is filed.
>
> The Estate has paid non-deferrable tax in the amount of $9,500,000 simultaneously with the filing of the attached Form 4768.  The Estate estimates the tax to be paid in installments pursuant to Section 6166 to be $10,000,000.

---

[5] Sec. 6081(a) provides that "[t]he Secretary may grant a reasonable extension of time for filing any return, declaration, statement, or other document required by this title or by regulations.  Except in the case of taxpayers who are abroad, no such extension shall be for more than 6 months."

**[*6]** The estate did not include with the foregoing application any specific information regarding the properties that allegedly constituted closely held business interests or even a list of such properties.

On December 31, 2007, respondent received a second Form 4768 from the estate that requested an additional six-month extension of time, to June 27, 2008, to file the estate tax return. Along with the second Form 4768, the estate included a letter dated December 26, 2007, listing decedent's name and taxpayer identification number. The letter, which referenced a "Request for Additional Extension of Time to File Form 706", stated as follows:

> Attached please find Form 4768 for the estate of Wallace R. Woodbury (the "Estate"), a citizen of the United States, who died on September 27, 2006. We previously filed Form 4768 requesting the automatic extension of six months. We request an additional six month extension to file Form 706, with the new due date of June 27, 2008.

> The gross estate includes commercial real property and shares or interests in businesses that own commercial real property. The Estate is in the process of valuing the business interests and real property interests, but due to the large number of appraisals needed, it is anticipated that all of the appraisals will not be completed in time to file the Form 706 by the December 27, 2007 due date.

> As indicated in our prior letter dated June 18, 2007, the Estate intends to make the election to pay the Federal Estate Tax attributable to decedent's interest in the closely held businesses pursuant to Section 6166 when the Form 706 Estate Tax Return is filed. The Estate has paid non-deferrable tax in the amount of $9,500,000

[*7] simultaneously with the filing of the original Form 4768 on June 18, 2007. The Estate estimates the tax to be paid in installments pursuant to Section 6166 to be approximately $10,000,000.

Again, the estate did not include with the foregoing application any specific information regarding the properties that allegedly constituted closely held business interests or even a list of such properties.

By letter dated February 6, 2008, respondent denied the second application for extension, stating in pertinent part as follows:

> We are unable to grant you an additional extension of time to file your return for the following reason(s):
>
> By law, we cannot grant an additional extension of time for filing this return. The maximum extension that we can grant to a taxpayer residing within the United States is six months. You should file your return by the previously extended due date.[6]

---

[6] As support for the "maximum extension" referenced in the February 6, 2008, letter, counsel for respondent cites sec. 20.6081-1(c), Estate Tax Regs., which states in part that "[u]nless the executor is abroad, the extension of time may not be for more than 6 months beyond the filing date prescribed in section 6075(a)." See sec. 6081(a), quoted supra note 5. The estate concedes the matter, stating in its petition: "Petitioner, relying upon legal counsel's erroneous advice that a second extension of time could be obtained to file the 706 return, sought to obtain a second extension of time, which was subsequently denied and which therefore resulted in Petitioner making an untimely filing of the Decedent's 706 return".

**[*8]** The estate made payments approximately consistent with an election under section 6166 and noted on the payments that they were related to an election under section 6166.

On June 1, 2010, the estate filed its Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return. In Part 3, Elections by the Executor, of its Form 706, the estate expressly elected "to pay the taxes in installments as described in section 6166".

In support of its election under section 6166, the estate attached to its Form 706 a four-page notice of election containing the information required by section 20.6166-1(b), Estate Tax Regs. In particular, the notice of election included as Exhibit A a schedule entitled "Interests Which Qualify for 6166 Deferral". The exhibit described in detail the nature of decedent's ownership in 20 interests (e.g., 29.267745% interest in Woodbury Management Co., LLC; 17.6725% limited partner interest in Vera Sequor Family Limited Partnership; 36.05% interest in Hogwarts, LLC). For each such interest, the exhibit specified where it was reported on Form 706 and provided its employer identification number and date-of-death value.[7]

---

[7] In several instances the exhibit also specified the discount percentage that was applied in determining the value of a particular interest (e.g., 11% interest in

(continued...)

[*9]   The list provided by the estate in its notice of election was the first time that the estate provided to respondent any specifics regarding the properties that purportedly constituted closely held business interests.

The estate's notice of election also included a second exhibit entitled "Interest Installments on 6166 assets".  The portion of this second exhibit headed "Payment schedule" stated as follows:

|  |  | Balance |
| --- | --- | --- |
| Payment due with 706 on 6/27/07 | $9,125,366.05 | $9,125,366.05 |
| Payment made with extension | (9,500,000.00) | (374,633.95) |
| 1st interest installment due 6/27/08 | 481,360.20 | 106,726.25 |
| Interest payment made 6/27/08 | (320,000.00) | (213,273.75) |
| 2nd interest installment due 6/27/09 | 335,398.76 | 122,125.02 |
| 3rd interest installment due  6/27/10 | 270,527.01 | 392,652.03 |
|  |  |  |
| Payment with filing of 706 5/28/10 | (392,652.03) | (0.00) |

On November 24, 2010, respondent issued to the estate a letter entitled "Preliminary Internal Revenue Code Section 6166 Determination Letter" proposing to deny the election under section 6166 on the ground that the estate tax return had not been timely filed.

On May 5, 2012, after the estate had exhausted all available administrative remedies, respondent issued a Notice Of Final Determination As Provided In IRC

---

[7](...continued)
KR Orem Investment, LLC, on the basis of fair market value with 35% discount).

[*10] §7479 That An Election Under IRC §6166 May Not Be Made.  In explanation, the notice stated as follows:

> The estate is denied the IRC section 6166 election because it is not eligible for the election.  The election must be made on a timely filed Form 706, U.S. Estate (and Generation Skipping Transfer) Tax Return.  The estate does not qualify for the IRC section 6166 election because the estate tax return was filed late.  Therefore the entire amount of unpaid estate tax, including any applicable penalty and interest is now due.

In response to the notice of final determination, the estate filed a timely petition for a declaratory judgment under section 7479.  The petition includes an allegation that the estate "paid all applicable interest that would have been due and owing under a valid 6166 election, and has, as of the current date, paid the first principal installment that would be due and owing under a valid 6166 election".[8]  The petition concludes with a prayer for relief, asking the Court to decree that

> 1.  Petitioner made a valid and effective 6166 election under the judicially recognized doctrine of substantial compliance and is therefore eligible to pay the remaining unpaid and outstanding estate tax, plus interest, pursuant to the installment provisions of section 6166 of the Code;

---

[8] See supra pp. 8-9, describing the second exhibit to the estate's notice of election headed "Payment schedule" regarding the payment of interest installments through June 1, 2010.  At the hearing on the parties' cross-motions for summary judgment, counsel for respondent admitted that "everything I've seen is consistent with" the estate's having made interest, as well as principal, payments pursuant to an election under sec. 6166.

**[*11]** 2.  In the alternative, if the Court determines that the doctrine of substantial compliance does not render Petitioner's 6166 election valid and binding, that the Court direct and order the Commissioner to allow Petitioner an equivalent amount of time to pay the remaining estate tax and interest.

In due course, after this case was at issue, see Rule 38, respondent moved for summary judgment.  Respondent contends that a valid election under section 6166 can only be made on a timely filed Form 706 and because the estate filed its estate tax return late, the estate's election under section 6166 was untimely and denial of the election was appropriate.

The estate objected to respondent's motion and filed a cross-motion for summary judgment.  Invoking the equitable doctrine of substantial compliance, the estate contends that it fully complied with the requirements set forth in section 6166 and substantially complied with the requirements set forth in section 20.6166-1, Estate Tax Regs.

## Discussion

### I.  Summary Judgment

Rule 121 provides for summary judgment.  Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Either party may move for summary judgment upon all or any part of the legal issues in controversy, but we may grant

**[*12]** summary judgment only if there is no genuine dispute of material fact. Rule 121(a) and (b); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

Upon review of the record, we are satisfied that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Accordingly, for the reasons that follow, we will grant respondent's motion and deny the estate's motion.

II. <u>Installment Payment Election</u>

In general, a Federal estate tax return is due within nine months of a decedent's death, sec. 6075(a), and the estate tax is due at that time, sec. 6151(a).[9] Under section 6166, a qualifying estate may elect to pay the estate tax in installments over an extended period.

---

[9] Sec. 6151(a) provides:

Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).

**[*13]** Section 6166(a) and (d) provides as follows:

SEC. 6166.  EXTENSION OF TIME FOR PAYMENT OF ESTATE TAX WHERE ESTATE CONSISTS LARGELY OF INTEREST IN CLOSELY HELD BUSINESS.

(a)  5-Year Deferral; 10-Year Installment Payment.--

(1)  In general.--If the value of an interest in a closely held business, which is included in determining the gross estate of a decedent who was (at the date of his death) a citizen or resident of the United States exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax imposed by section 2001 in 2 or more (but not exceeding 10) equal installments.

(2)  Limitation.--The maximum amount of tax which may be paid in installments under this subsection shall be an amount which bears the same ratio to the tax imposed by section 2001 (reduced by the credits against such tax) as--

(A)  the closely held business amount, bears to

(B)  the amount of the adjusted gross estate.

(3)  Date for payment of installments.--If an election is made under paragraph (1), the first installment shall be paid on or before the date selected by the executor which is not more than 5 years after the date prescribed by section 6151(a) for payment of the tax, and each succeeding installment shall be paid on or before the date which is 1 year after the date prescribed by this paragraph for payment of the preceding installment.

\*    \*    \*    \*    \*    \*    \*

- 14 -

**[*14]** (d)  Election.--Any election under subsection (a) shall be made not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 (including extensions thereof), and shall be made in such manner as the Secretary shall by regulations prescribe.  If an election under subsection (a) is made, the provisions of this subtitle shall apply as though the Secretary were extending the time for payment of the tax.

Section 20.6166-1, Estate Tax Regs., goes into greater detail regarding how

an election under section 6166 is to be made.  The regulation provides as follows:

§ 20.6166-1.--Election of alternate extension of time for payment of estate tax where estate consists largely of interest in closely held business.--

(a)  In general.--Section 6166 allows an executor to elect to extend payment of part or all of the portion of the estate tax which is attributable to a closely held business interest (as defined in section 6166(b)(1)).  If it is made at the time the estate tax return is filed, the election is applicable both to the tax originally determined to be due and to certain deficiencies.  If no election is made when the estate tax return is filed, up to the full amount of certain later deficiencies (but not any tax originally determined to be due) may be paid in installments.

(b)  Time and manner of election.--The election provided under section 6166(a) is made by attaching to a timely filed estate tax return a notice of election containing the following information:

(1)  The decedent's name and taxpayer identification number as they appear on the estate tax return;

(2)  The amount of tax which is to be paid in installments;

(3)  The date selected for payment of the first installment;

**[*15]** (4)  The number of annual installments, including the first installment, in which the tax is to be paid;

(5)  The properties shown on the estate tax return which constitute the closely held business interest (identified by schedule and item number); and

(6)  The facts which formed the basis for the executor's conclusion that the estate qualifies for payment of the estate tax in installments.

In the absence of a statement in the notice of election as to the amount of tax to be paid in installments, the date selected for payment of the first installment, or the number of installments, the election is presumed to be for the maximum amount so payable and for payment thereof in 10 equal installments, the first of which is due on the date which is 5 years after the date prescribed in section 6151(a) for payment of estate tax.

## III.  Declaratory Judgment

Generally, before the enactment of section 7479 in the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 505(a), 111 Stat. at 854, the only recourse an estate had in a dispute over an election under section 6166 was to pay the entire tax first and seek a refund.  See, e.g., Estate of Meyer v. Commissioner, 84 T.C. 560, 562 (1985); cf. Snyder v. United States, 630 F. Supp. 182 (D. Md. 1986). However, Congress realized that this limited recourse would often defeat the purpose of the relief that section 6166 was intended to provide, which was to allow estates whose assets consisted mainly of small businesses to defer payment of the tax so they could avoid having to liquidate their small businesses in order to

**[*16]** fulfill their obligation to pay the estate tax within nine months. See Estate of Roski v. Commissioner, 128 T.C. at 119 (citing H.R. Rept. No. 105-148, at 358 (1997), 1997-4 C.B. (Vol. 1) 319, 680); see also Parrish v. Loeb, 558 F. Supp. 921, 923 n.2 (C.D. Ill. 1982) (describing section 6166 as "a safety valve to protect the integrity of closely-held business interests of a decedent against destruction because of the demands of the estate tax provisions of the Code").

Section 7479(a) provides as follows:

SEC. 7479.  DECLARATORY JUDGMENTS RELATING TO ELIGIBILITY OF ESTATE WITH RESPECT TO INSTALLMENT PAYMENTS UNDER SECTION 6166.

(a)  Creation of Remedy.--In a case of actual controversy involving a determination by the Secretary of (or a failure by the Secretary to make a determination with respect to)--

(1)  whether an election may be made under section 6166 (relating to extension of time for payment of estate tax where estate consists largely of interest in closely held business) with respect to an estate (or with respect to any property included therein), or

(2)  whether the extension of time for payment of tax provided in section 6166(a) has ceased to apply with respect to an estate (or with respect to any property included therein),

upon the filing of an appropriate pleading, the Tax Court may make a declaration with respect to whether such election may be made or whether such extension has ceased to apply.  Any such declaration

[*17] shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

IV.  Parties' Cross-Motions for Summary Judgment

Respondent moves for summary judgment on the basis that a valid election under section 6166 can only be made on a timely filed Form 706.  Therefore, in respondent's view, because the estate filed its estate tax return late, its election under section 6166 was untimely and denial of the section 6166 election was appropriate.

The estate opposes respondent's motion and cross-moves for summary judgment.  The estate contends that it fully complied with the requirements set forth in section 6166 and, invoking the doctrine of substantial compliance, that it substantially complied with the requirements set forth in section 20.6166-1, Estate Tax Regs.  Therefore, in the estate's view, because it timely made an election under section 6166, it should be allowed to pay its estate tax in installments pursuant to section 6166.

Respondent opposes the estate's cross-motion, arguing that the doctrine of substantial compliance does not apply to elections under section 6166.

For purposes of ruling on the parties' cross-motions for summary judgment, we shall assume (without deciding) that the doctrine of substantial compliance

[*18] applies to elections under section 6166. On that basis we turn first to the estate's cross-motion to decide whether the estate substantially complied with the requirements set forth in the Code and in the regulations regarding the making of an election "to pay the taxes in installments as described in section 6166".

A. The Estate's Cross-Motion and the Doctrine of Substantial Compliance

The estate first argues that it fully complied with section 6166 because section 6166 only prescribes the timeframe in which the election must be made, i.e., not later than the time prescribed by section 6075(a) for filing the estate tax return. The estate points out that section 6166 does not state that the election must be made on, or in conjunction with, a timely filed estate tax return; rather, such requirement is set forth only in section 20.6166-1, Estate Tax Regs., and not in the statute itself. Therefore, the estate concludes that because the election was timely made, the estate fully complied with section 6166 even though the election was not made on a timely filed estate tax return.

Second, the estate argues that despite its failure to comply with the literal requirements of section 20.6166-1, Estate Tax Regs., it nonetheless substantially complied with the regulation. The estate argues that it substantially complied because it intended to make the election, checked the box in Part III, Extension of Time To Pay (Section 6161), of the June 2007 Form 4768 indicating that it was

[*19] also applying for a section 6166 installment payment, attached a letter to both the June 2007 and December 2007 Forms 4768 stating that it intended to make the election under section 6166 when it filed its estate tax return, and made annual interest payments in line with an election under section 6166, all of which thereby put respondent on notice that an election had been made.

The doctrine of substantial compliance has its origins in equity and is designed to avoid hardship in cases where a party does all that can reasonably be expected of the party, but nonetheless fails to comply with the requirements of the provision in question. Estate of Chamberlain v. Commissioner, T.C. Memo. 1999-181, 1999 WL 349350, at *12, aff'd, 9 Fed. Appx. 713 (9th Cir. 2001) (citing Sawyer v. County of Sonoma, 719 F.2d 1001 (9th Cir. 1983)).

This Court has on limited occasions applied the doctrine of substantial compliance and excused taxpayers from strict compliance with procedural regulatory requirements, provided that the taxpayer substantially complied by fulfilling the essential statutory purpose. See, e.g., Am. Air Filter Co. v. Commissioner, 81 T.C. 709, 720 (1983). Most of the cases in which the Court has applied the doctrine have involved alleged failures to make an election in accordance with applicable regulations. See, e.g., Estate of Chamberlain v. Commissioner, 1999 WL 349350 at *12 n.7.

**[\*20]** The Court of Appeals for the Tenth Circuit analyzed the doctrine of substantial compliance in the context of an election that the taxpayers made to calculate their charitable contribution deduction under section 170(b)(1)(C). See Woodbury v. Commissioner, 900 F.2d 1457 (10th Cir. 1990), aff'g T.C. Memo. 1988-272. The court stated: "[I]n determining whether an election has \* \* \* been made absent adherence to literal requirements, a court should assess whether the taxpayer has substantially complied with the requirements, notwithstanding the 'shall' and 'must' language." Id. at 1460 (citing Atl. Veneer Corp. v. Commissioner, 812 F.2d 158, 160-161 (4th Cir. 1987), aff'g 85 T.C. 1075 (1985), Young v. Commissioner, 783 F.2d 1201, 1206 (5th Cir. 1986), aff'g 83 T.C. 831 (1984), and Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781, 794-796 (11th Cir. 1984)).

### 1. Elements of an Election Under Section 6166

Section 6166(d) provides that an election to pay the estate tax in installments must be made by the time prescribed by section 6075(a) for timely filing an estate tax return (including extensions thereof). Section 6075(a) provides that an estate tax return shall be filed within nine months of the date of the decedent's death. Section 6166(d) goes on to provide that an election "shall be made in such manner as the Secretary shall by regulations prescribe. If an election under subsection (a)

[*21] is made, the provisions of this subtitle shall apply as though the Secretary were extending the time for payment of the tax."

As discussed above, section 20.6166-1(b), Estate Tax Regs., provides that the following information must be attached to a timely filed estate tax return to constitute a valid notice of election: (1) The decedent's name and taxpayer identification number as they appear on the estate tax return; (2) the amount of tax that is to be paid in installments; (3) the date selected for payment of the first installment; (4) the number of annual installments, including the first installment, in which the tax is to be paid; (5) the properties shown on the estate tax return that constitute the closely held business interest (identified by schedule and item number); and (6) the facts that formed the basis for the executor's conclusion that the estate qualifies for the payment of the estate tax in installments. The regulation goes on to provide:

> In the absence of a statement in the notice of election as to the amount of tax to be paid in installments, the date selected for payment of the first installment, or the number of installments, the election is presumed to be for the maximum amount so payable and for payment thereof in 10 equal installments, the first of which is due on the date which is 5 years after the date prescribed in section 6151(a) for payment of estate tax.

Sec. 20.6166-1(b), Estate Tax Regs.

**[*22]** In <u>Estate of Bell v. Commissioner</u>, 92 T.C. 714, 723 (1989), <u>aff'd</u>, 928 F.2d 901 (9th Cir. 1991), we observed that the benefits that section 6166 confers "are privileges granted to the taxpayer by Congress as a matter of legislative grace." As a result, we concluded that "the provisions of section 6166 which grant such privileges should be given a strict and narrow construction". <u>Id.</u>; <u>see</u> <u>Estate of Adell v. Commissioner</u>, T.C. Memo. 2013-228, at *25 (reiterating that view).

### 2. The Estate's Actions

The estate concedes (as it must) that it did not timely file an estate tax return. However, the estate argues that it timely satisfied the remaining requirements through its course of action as previously discussed.

We review the estate's actions to determine whether it substantially complied with the requirements set forth in section 20.6166-1(b), Estate Tax Regs.

The estate's Forms 4768 and accompanying letters included the decedent's name and taxpayer identification number as well as the (approximate) amount of tax to be paid in installments, thus satisfying the requirements set forth in section 20.6166-1(b)(1) and (2), Estate Tax Regs. Furthermore, the final sentence of section 20.6166-1(b), Estate Tax Regs., provides that if the information required in paragraph (b)(2), as well as in paragraph (b)(3) and (4), is not included, then the information may be presumed to be both the maximum amount and the longest

[*23] deferral and installment periods allowed by the statute. Therefore, the requirements of section 20.6166-1(b)(1)-(4), Estate Tax Regs., are satisfied. However, the same cannot be said of the final two requirements of section 20.6166-1(b), Estate Tax Regs.

Section 20.6166-1(b)(5), Estate Tax Regs., requires enumeration of the properties shown on the estate tax return that constitute the closely held business interests. In the instant case, neither the June 18, 2007, letter nor the December 26, 2007, letter submitted by the estate indicating an intent to make a section 6166 election provided any specific information regarding the properties that purportedly constituted closely held business interests. Indeed, the estate did not provide this information to respondent until it filed its Form 706 on June 1, 2010.

Finally, section 20.6166-1(b)(6), Estate Tax Regs., requires a statement of the facts that form the basis for the executor's conclusion that the estate qualifies for the payment of the estate tax in installments. Because of the threshold percentage qualification for section 6166 status, such facts must necessarily include valuation information regarding the properties that purportedly constitute closely held business interests. In the instant case, the estate's letters accompanying its Forms 4768 provided nothing other than highly conclusory statements lacking any detail. Granted, those letters did "estimate the tax to be paid in installments

[*24] pursuant to Section 6166 to be $10,000,000", but such amount was merely an estimate of tax that did not speak to the value of the properties that purportedly constituted closely held business interests.

The importance of the requirements in section 20.6166-1(b)(5) and (6), Estate Tax Regs., is demonstrated by the fact that in order to qualify for a payment extension under section 6166, at least 35% of the value of the adjusted gross estate must consist of closely held business interests. Sec. 6166(a)(1). Therefore, the information mandated by section 20.6166-1(b)(5) and (6), Estate Tax Regs., is indispensable to the making of an election. Such information is necessary to enable the Commissioner, as well as the estate itself, to determine whether the estate qualifies for an election under section 6166. In other words, such information goes to the essence of the statutory purpose.

Given the statement in the estate's letter dated June 18, 2007 (accompanying the first Form 4868), that it intended to make a section 6166 election when it filed its estate tax return, the estate must have had some reason to think that its closely held business interests constituted at least 35% of its value. However, merely telling respondent that the value of the closely held business interests exceeds 35% of the adjusted gross value of the estate does not give respondent sufficient

[*25] information to determine whether such statement is accurate and ultimately whether the estate is in fact entitled to make an election under section 6166.

By failing to provide essential information regarding the estate's closely held business interests--information that goes to the essence of the statutory purpose-- the estate did not substantially comply with regulatory requirements, and relief under the doctrine of substantial compliance is not available.

### 3.  The Estate's Compliance With Sec. 6166(d)

As previously stated, section 6166(d) provides that "[a]ny election under subsection (a) shall be made not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 (including extensions thereof), and shall be made in such manner as the Secretary shall by regulations prescribe." The time to make an election under section 6166 is therefore fixed by statute.  We are not at liberty to ignore the deadline that Congress has clearly and unequivocally prescribed in section 6166(d), and any modification to that deadline must be by legislative action and not by judicial fiat.  See J.E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 59 (1940); Prussner v. United States, 896 F.2d 218, 222-223 (7th Cir. 1990); Dirks v. Commissioner, T.C. Memo. 2004-138, 2004 WL 1277976, at *8- *9, aff'd, 154 Fed. Appx. 614 (9th Cir. 2005).  Indeed, regarding filing deadlines, the Supreme Court has stated that "deadlines, like statutes of limitations,

**[*26]** necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." United States v. Locke, 471 U.S. 84, 100-101 (1985).[10]

The estate does not dispute the inviolability of the deadline specified by section 6166(d). Rather, as we understand its argument, the estate contends that in evaluating whether it substantially complied with regulatory requirements, the Court may consider events after the due date of the estate's Form 706, i.e., December 27, 2007, in deciding whether by that date the estate had substantially complied with such requirements. Here we think the estate would point to its history of making both interest payments and principal payments reflective of an election under section 6166.

---

[10] In a similar vein, the Court of Appeals for the Seventh Circuit has stated:

All fixed deadlines seem harsh because all can be missed by a whisker--by a day (United States v. Locke, 471 U.S. 84[, 100-101] (1985)) or for that matter by an hour or a minute. They are arbitrary by nature. * * * The legal system lives on fixed deadlines; their occasional harshness is redeemed by the clarity which they impart to legal obligation. * * * There is no general judicial power to relieve from deadlines fixed by legislatures * * *

Prussner v. United States, 896 F.2d 218, 222-223 (7th Cir. 1990).

**[\*27]** Taken to its logical end, the foregoing argument would eliminate from the Code the statutory deadline expressed in section 6166(d).  Suffice it to say that, as previously discussed, the estate did not substantially comply with all regulatory requirements until it filed its Form 706 on June 1, 2010, more than 29 months after the due date (as extended) for such return.  In short, the estate failed to satisfy the statutory deadline.

### 4.  The Estate's Alternative Request for Relief

In its petition the estate requests that even if the doctrine of substantial compliance does not apply, the Court should direct and order respondent to allow the estate an equivalent amount of time to pay the remaining estate tax and interest.

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.  See sec. 7442; Naftel v. Commissioner, 85 T.C. at 529.  Jurisdiction must be proven affirmatively, and a party invoking our jurisdiction bears the burden of proving that we have jurisdiction.  See Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Nat'l Comm. to Secure Justice v. Commissioner, 27 T.C. 837, 839 (1957).  In order to meet this burden, the party must establish affirmatively all facts giving rise to our jurisdiction.  See Wheeler's

[*28] Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. at 180; Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929).

Section 7479 confers jurisdiction on the Court to make a declaratory judgment regarding whether an election may be made under section 6166 or whether the extension of time for payment of tax provided in section 6166(a) has ceased to apply with respect to an estate. The Court has already decided that the estate is not entitled to an election under section 6166. In short, the Court lacks jurisdiction to consider the estate's alternative request for relief.

### 5. Conclusion

In sum, because the estate did not satisfy the statutory deadline for making an election under section 6166 and did not substantially comply with the regulatory requirements for making an election under section 20.6166-1(b), Estate Tax Regs., and further because we lack jurisdiction to consider the estate's alternative request for relief, we will deny the estate's cross-motion for summary judgment.

### B. Respondent's Motion for Summary Judgment

We turn now to respondent's motion for summary judgment.

Section 6166(d) provides that an election under section 6166 shall be made not later than the time prescribed by section 6075(a), including extensions thereof. Section 6075(a) provides that a Form 706 estate tax return must be filed within

[*29] nine months of the date of the decedent's death. Furthermore, section 20.6166-1(b), Estate Tax Regs., sets forth requirements regarding the time and manner of an election, stating that the election is made by attaching specified information to a timely filed estate tax return.

This Court has held that an election under section 6166 must be timely made in order to be valid. Bank of the West v. Commissioner, 93 T.C. 462, 473 (1989) (holding that because the estate tax return was not timely filed, the election was "ineffectual as a matter of law"); see Estate of La Meres v. Commissioner, 98 T.C. 294, 324 (1992) ("The section 6166 election was invalid because it was made in a return which was not timely filed."); sec. 20.6166-1(b), Estate Tax Regs.

In the instant case, the estate requested and received a six-month extension of time, to December 27, 2007, to file its estate tax return. However, the estate did not file the return until June 1, 2010. As a result, the estate did not timely file its return, nor, as discussed above, did it make a timely election under section 6166. Therefore, the estate did not properly make a valid election under section 6166. Accordingly, respondent's denial of the estate's late-filed election under section 6166 was proper, and we will grant his motion for summary judgment.

**[\*30]** V.  <u>Conclusion</u>

We have considered all of the arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that those arguments do not raise any genuine dispute of material fact, nor do they preclude decision for respondent as a matter of law.

To reflect the foregoing,

<u>An order granting respondent's motion and denying petitioner's cross-motion and decision for respondent will be entered</u>.